1                   UNITED STATES DISTRICT COURT

2                 NORTHERN DISTRICT OF CALIFORNIA

3                     SAN JOSE DIVISION

| | |
|---|---|
| SEAN LANE, MOHAMMAED SHEIKHA, SEAN MARTIN, ALI SAMMOUR, MOHAMMAED ZIDAN, SARA KARROW, COLBY HENSON, DENTON HUNKER, FIRAS SHEIKHA, HASSEN SHEIKHA, LINDA STEWART, TINA TRAN, MATTHEW SMITH, ERICA PARNELL, JOHN CONWAY, AUSTIN MUHS, PHILLIP HUERTA, ALICIA HUNKER, individuals, on behalf of themselves and all others similarly situated, and M.H., a minor, by and through her parent REBECCA HOLEY, | Case No.  5:08-cv-03845-RS<br><br>Complaint Filed:    August 12, 2008<br>Trial Date:   Not Yet Set |
|           Plaintiffs, | |
|    v. | |
| FACEBOOK, INC., a Delaware Corporation, BLOCKBUSTER, INC., a Delaware Corporation, FANDANGO, INC., a Delaware Corporation, HOTWIRE, INC., a Delaware Corporation, STA TRAVEL, INC., a Delaware Corporation, OVERSTOCK.COM, INC., a Delaware Corporation, ZAPPOS.COM, INC., a Delaware Corporation, GAMEFLY, INC., a Delaware Corporation, and DOES 1-40, corporations, | |
|          Defendants. | |

**SETTLEMENT AGREEMENT**

Whereas, the parties hereby enter into this Stipulation and Agreement of Settlement as follows:

Representative Plaintiffs, on behalf of themselves and all Class Members, on the one hand, and defendant Facebook, Inc. ("Facebook"), on the other hand (each, a "Party"; collectively, the "Parties") hereby enter into this Stipulation and Agreement of Settlement ("Settlement Agreement"), subject to the approval of the Court pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## I.   CERTAIN DEFINITIONS

As used in this Settlement Agreement, certain capitalized persons and terms are defined as follows:

1.1.   Beacon: the program launched by Facebook on November 6, 2007 and all iterations thereof bearing the "Beacon" name.   Facebook's initial press release announcing Beacon is linked here: http://www.facebook.com/press/releases.php?p=9166

1.2.   Beacon Merchant: any company, corporation, business enterprise, or other person that entered into an agreement with Facebook with respect to Beacon or otherwise launched the Beacon program (specifically including, without limitation and by way of example, all non-Facebook defendants named in the Complaint, namely, Blockbuster, Inc., Fandango, Inc., Hotwire, Inc., STA Travel, Inc., Hotwire, Inc., Zappos.com, Inc., Overstock.com, Inc., and Gamefly, Inc.)

1.3.   Class: all Facebook members who, during the period of November 6, 2007 to the Preliminary Approval Date, engaged in one or more Triggering Activities on a Beacon Merchant website.

1.4.   Class Counsel: the Representative Plaintiffs' counsel of record in the Litigation, namely, Scott A. Kamber and David A. Stampley of KamberEdelson, LLC and Joseph H. Malley of the Law Office of Joseph H. Malley, P.C.

1.5.   Class Member: a Person who falls within the definition of the Class set forth in subsection 1.3 herein.

1.6.   Class Period:   the period from November 6, 2007 through the Preliminary Approval Date.

1.7.   Complaint:  the Class Action Complaint on file in the Litigation as of the Effective Date of this Settlement Agreement.

1.8.   Court:  the United States District Court for the Northern District of California.

1.9.   Defense Counsel:  Facebook's counsel of record in the Litigation, namely, Michael G. Rhodes of Cooley Godward Kronish LLP.

1.10.   Facebook:   defendant Facebook, Inc. and its successors, representatives, and assignees.

1.11.   Effective Date:  the first date as of which all of the events and conditions specified in section 8 of this Settlement Agreement have occurred.

1.12.   Fee Application:  an application by Class Counsel to the Court for an award of attorneys' fees, incentive awards to Representative Plaintiffs, and reimbursement of actual expenses and costs incurred in connection with the Litigation, as well as any interest thereon.

1.13.   Fee Award:  an order by the Court granting Class Counsel's Fee Application in whole or in part.

1.14.   Final:  (a) if no appeal from the Judgment is filed, the date of expiration of the time for the filing or noticing of any appeal from the Judgment; or (b) if an appeal from the Judgment is filed, and the Judgment is affirmed or the appeal dismissed, and no petition for a writ of certiorari ("Writ Petition") with respect to the appellate court's judgment affirming the Judgment or dismissing the appeal ("Appellate Judgment") is filed, the date of expiration of the time for the filing of a Writ Petition; or (c) if a Writ Petition is filed and denied, the date the Writ Petition is denied; or (d) if a Writ Petition is filed and granted, the date of final affirmance of the Appellate Judgment or final dismissal of the review proceeding initiated by the Writ Petition. Any proceeding, order, appeal, or Writ Petition pertaining solely to the Fee Award will not in any way delay or preclude the Final Approval Order and Judgment.

1.15. <u>Judgment or Final Approval Order and Judgment</u>: the Judgment and Order of Dismissal With Prejudice to be entered by the Court, substantially in the form attached hereto as Exhibit 1.

1.16. <u>Litigation</u>:  the putative class action pending in the United States District Court for the Northern District of California and captioned *Lane at al. v Facebook, Inc. et al.*, Case No. 1:08-CV-03845 (RS).

1.17. <u>Mediator</u>:  Anthony Piazza, Esq., of Gregorio, Haldeman, Piazza, Rotman, Frank & Feder, 201 Mission Street, Suite 1900, San Francisco, CA, 94105.

1.18. <u>Net Settlement Fund</u>:  the Settlement Fund less all Administrative Costs (as defined, for example and without limitation,  in subsections 4.2, 4.3, 4.5, 4.6, and 4.10, below), the Fee Award, and any taxes or tax expenses.

1.19. <u>Notice</u>:  the Notice of Pendency of Class Action and Proposed Settlement, substantially in the form attached hereto as Exhibits 2 and 3, to be distributed in accordance with the terms of section 4(A), below, which will notify the Class Members of the pendency of the Litigation, the material terms of the proposed Settlement, and their options with respect thereto.

1.20. <u>Person</u>: an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, or any other business or legal entity, and such individual's or entity's spouse, heirs, predecessors, successors, representatives, and assignees.

1.21. <u>Preliminary Approval Date</u>:  the date entered by the Court on the Preliminary Approval and Notice Order.

1.22. <u>Preliminary Approval and Notice Order</u>:  a Court order, substantially in the form attached hereto as Exhibit 4, providing for, among other things, preliminary approval of the Settlement and dissemination of the Notice to the Class.

1.23. <u>Privacy Foundation</u>:  a non-profit foundation that shall be formed and created by Facebook and funded from the Net Settlement Fund.

5:08-CV-03845-RS

1.24.   <u>Protected Persons</u>:  Facebook and the Beacon Merchants, collectively, and each of their respective past and present officers, directors, employees, insurers, agents, representatives, partners, joint-venturers, parents, subsidiaries, affiliates, attorneys, successors and assigns.

1.25.   <u>Released Claims</u>:  any and all claims for payment, non-economic, or injunctive relief of any kind or nature and any and all liabilities, demands, obligations, losses, actions, causes of action, damages, costs, expenses, attorneys' fees and any and all other claims of any nature whatsoever, arising from or relating to any of the allegations or statements made in, or in connection with, the Litigation (and including, without limitation, any and all claims based upon any of the laws, regulations, statutes, or rules cited, evidenced and referenced by all such allegations and statements), or any other known or unknown claims arising from or relating to Beacon (including, without limitation, arising from or relating to the use of data gathered through Beacon).

1.26.   <u>Representative Plaintiffs</u>:  subject to Court approval, Sean Lane, Mohannaed Sheikha, Sean Martin, Ali Sammour, Mohammaed Zidan, Sara Karrow, Colby Henson, Denton Hunker, Firas Sheikha, Hassen Sheikha, Linda Stewart, Tina Tran, Matthew Smith, Erica Parnell, John Conway, Austin Muhs, Phillip Huerta, Alicia Hunker, and M.H., a minor, by and through her parent Rebecca Holey, as well as any others appointed by the Court in the Preliminary Approval and Notice Order to serve as Representative Plaintiffs.

1.27.   <u>Settlement</u>:  the terms of settlement set forth in this Settlement Agreement.

1.28.   <u>Settlement Fund</u>:  the total sum of nine million five hundred thousand dollars ($9,500,000), which shall be paid in accordance with the Settlement Agreement.

1.29.   <u>Settling Parties</u>:  collectively, Facebook, the Representative Plaintiffs, and all Class Members.

1.30.   <u>Triggering Activity</u>: certain activity, that when completed on a Beacon Merchant website, triggered Beacon.

1.31.   The plural of any term defined herein includes the singular, and vice versa.

## II.   INTRODUCTION

### A.   Background of the Settlement

2.1.   On August 12, 2008, the Representative Plaintiffs commenced the Litigation alleging claims against Facebook (and other defendants) arising out of Beacon.  The Complaint alleged violations of (i) the Electronic Communications Privacy Act, 18 U.S.C. §2510; (ii) Computer Fraud and Abuse Act, 18 U.S.C. 1030; (iii) Video Privacy Protection Act, 18 U.S.C. § 2710; (iv) California's Consumer Legal Remedies Act, California Civil Code § 1750; and (v) California's Computer Crime Law, Penal Code § 502.

2.2.   On October 10, 2008, Facebook filed a motion to dismiss the Complaint.   The hearing for that motion has been taken off the Court's calendar. (*See* Dkt. No. 23.)

2.3.   Commencing in September 2008, the Parties have conducted an extensive series of settlement negotiations including, among other things, an in person mediation conducted by the Mediator on December 9, 2008, during which the Parties have candidly aired the strengths and weaknesses in their respective litigation positions.

2.4.   At the December 9, 2008 mediation, the Parties tentatively reached an agreement in principle for the resolution of all claims alleged in the Litigation, subject to additional negotiations, confirmatory discovery and communications and, further and without limitation, the Parties' entering into a formal memorandum of understanding and thereafter reaching agreement on final settlement documentation, including this Settlement Agreement.

2.5.   At the above referenced mediation, the Parties executed a Memorandum of Understanding (the "MOU"), which sets forth the Parties' tentative framework for the proposed Settlement memorialized in this Settlement Agreement.

2.6.   After extensive subsequent negotiations, counsel for the parties (namely, Michael G. Rhodes of Cooley Godward Kronish LLP, for Facebook, and Scott A. Kamber of KamberEdelson, LLC) conducted a second mediation before the Mediator on July 28, at which the remaining open issues in dispute were resolved, which led to the parties' drafting and execution of this Settlement Agreement.

1    **B.    Facebook's Denial of Wrongdoing and Liability**

2    2.7.    Facebook denies any and all wrongdoing whatsoever.  Nothing in this Settlement

3    Agreement shall be construed or deemed to be evidence of or an admission, presumption, or

4    concession on the part of Facebook of any fault, liability, coverage or wrongdoing as to any facts

5    or claims asserted in the Litigation (or any infirmity in the defenses that Facebook has asserted or

6    could assert in the Litigation), or any other actions or proceedings, and shall not be interpreted,

7    construed, deemed, invoked, offered, or adduced or received in evidence or otherwise used

8    against Facebook in the Litigation, or in any other action or proceeding, whether civil, criminal,

9    or administrative.

10   **C.    The Settlement Is Fair, Adequate, and Reasonable**

11   2.8.    Class Counsel have conducted extensive research and investigation relating to the

12   claims and the underlying events and transactions alleged in the Complaint during the prosecution

13   of the Litigation which included:  (a) the interview of the Representative Plaintiffs to assess the

14   potential claims of each individual; (b) the review of public statements, including consumer-

15   facing statements on Facebook's website, press releases attributed to Facebook, and articles about

16   Facebook; (c) research of the applicable law with respect to the claims asserted in the Complaint

17   and arguments asserted in Facebook's motion to dismiss; and (d) the review of documents and

18   other information made available by Facebook to Class Counsel for their review.    Although

19   Class Counsel believe that the claims asserted against Facebook in the Litigation have substantial

20   merit, Class Counsel recognize and acknowledge that continued prosecution of the Litigation

21   through trial and possible appeal would be protracted and expensive.

22   2.9.    Class Counsel have also taken into account the uncertain outcome and the risk of

23   any litigation, especially in complex actions such as the Litigation, as well as the difficulties and

24   delays inherent in such litigation.  Class Counsel are mindful of the inherent problems of proof

25   and possible defenses to the claims asserted in the Litigation.

26   2.10.    As noted, Class Counsel have conducted extensive discussions and arm's length

27   negotiations with Defense Counsel including with the assistance of the Mediator, with respect to a

28   resolution of the claims in the Litigation and with the goal of achieving the best relief possible

1    consistent with the interests of the Class and the strengths and weaknesses of the claims and

2    defenses asserted in the Litigation.

3         2.11.   Based on evaluation of all of these factors, Class Counsel have concluded in light

4    of the applicable law that the terms of the Settlement are fair, adequate, and reasonable, and that it

5    is desirable and in the best interests of the Representative Plaintiffs and all Class Members that

6    the Litigation be fully and finally settled on the terms set forth in this Settlement Agreement.

7         **NOW THEREFORE,** in consideration of the promises and mutual covenants set forth

8    herein, it is hereby STIPULATED AND AGREED, by and among the Parties to this Settlement

9    Agreement, through their respective attorneys, subject to approval of the Court pursuant to Rule

10   23 of the Federal Rules of Civil Procedure and satisfaction of all the terms and conditions set

11   forth herein, that the Litigation and all Released Claims shall be compromised, settled, released,

12   and dismissed with prejudice, upon and subject to the following terms.

13   **III.**   **CLASS CERTIFICATION**

14        3.1   The Parties stipulate to the certification of the Class, for settlement purposes only,

15   pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

16        3.2   The class certification contemplated by this Settlement Agreement is for purposes

17   of settlement only, and nothing in this Settlement Agreement shall constitute, in this or in any

18   other action or proceeding, an admission by Facebook or a finding or evidence that any claims

19   that either were brought or could have been brought in the Litigation are appropriate for class

20   treatment or that any requirement for class certification is or could otherwise be satisfied.  By

21   entering into this Settlement Agreement, Facebook in no way waives its right to challenge or

22   contest the continued maintenance of the Litigation or any other lawsuit or class action and to

23   oppose certification of any class or otherwise oppose the claims of the class for litigation

24   purposes.  Nor may the fact that Facebook entered into this Settlement Agreement be offered,

25   received, or construed as an admission, finding, or evidence, for any purpose, including the

26   appropriateness of class certification.

27

28

## IV.    SETTLEMENT CONSIDERATION

### A.    Dissemination of the Notice

As soon as reasonably practicable after the Court certifies the proposed Class, preliminarily approves the proposed Settlement, and approves the forms of Notice, Facebook shall:

4.1.    Distribute the Court approved Notice or links to such Notice via an internal Facebook message targeting users whose PII was likely to have been transmitted to Facebook via Beacon, as determined by Facebook based on reasonable efforts.  The internal Facebook message shall contain a link to a blog post, in a form substantially similar to that attached hereto as Exhibit 2.

4.2.    During the Notice period, Facebook shall also cause the Court-approved summary form of publication notice, in a form substantially similar to that attached hereto as Exhibit 3 (the "Publication Notice"), to be published in one daily issue of the national edition of *USA Today*. The cost of the Publication Notice shall constitute an Administrative Cost and be paid from the Settlement Fund.

4.3.    To the extent that additional notices to the Class are ordered by the Court or become necessary for the Court's approval of the Settlement Agreement, such additional notices may be made in the same manner as the original Notice, but the out-of-pocket costs, if any, of any additional notices, will constitute Administrative Costs and will be reimbursed to Facebook from the Settlement Fund.

4.4.    Within ten (10) days of the filing of the Settlement Agreement with the Court, Facebook shall properly notify the appropriate state and federal officials of this Settlement Agreement pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

### B.    Settlement Fund

4.5.    The Settlement Fund shall consist of a total of $9.5 million ($9,500,000.00). The Settlement Fund shall be kept under the control and possession of Facebook but within twenty (20) days of Preliminary Approval, the Settlement Fund shall be deposited into a separate bank account specifically established by Facebook for purpose of this Settlement.

5:08-CV-03845-RS

4.6.    Upon the formation of the Privacy Foundation in accordance with Section 4.19, Facebook shall distribute to the Privacy Foundation the Settlement Fund of $9.5 million less the Fee Award, costs, incentive awards, and Administrative Costs of this Settlement as provided herein (including, without limitation, the advance to the third party Class administrator specified in Section 4.10, below).  Once transferred, the Privacy Foundation shall have sole and exclusive control over the management and disposition of those funds.

**C.    Administrative Costs**

4.7.    Subject to the Court's approval, the Settlement Fund will be applied to payment of the reasonable costs incurred administering the Settlement as variously specified herein ("Administrative Costs").

4.8.    All Administrative Costs that are reasonably and necessarily incurred prior to the Effective Date shall be advanced from the Settlement Fund, subject to prior approval by Class Counsel, Defense Counsel, and the Court.

4.9.    Under no circumstances will the Representative Plaintiffs, Class Counsel, or any Class Member have any liability for Administrative Costs under the Settlement.  If the Settlement is terminated or fails to become Final for any reason, Facebook will absorb such costs in their entirety.

4.10.    Within twenty (20) days of the Preliminary Approval Date, Facebook shall pay to a third party class action administrator to be designated by Class Counsel the sum of $250,000 to be used to cover the administrative and other incidental costs associated with responding to inquiries from Class Members about this Settlement and the process by which this Settlement will be subject to judicial approval.  Such amount shall be deducted from the Settlement Payment as a credit therefrom and constitute an Administrative Cost.  If the Court refuses to approve this Settlement for any reason, then the class action administrator shall promptly account to Facebook for the amount of actual expenses incurred in connection with the administration of this Settlement and return to Facebook the unused balance.

1    4.11.   Any disputes over the propriety of any Administrative Costs or the reimbursement

2    thereof from the Settlement Fund shall be finally resolved by the Mediator in the manner directed

3    thereby.

4    **D.   Attorneys' Fees, Expenses, & Incentive Awards**

5    4.12.   Class Counsel have never received any payment for prosecuting this case on

6    behalf of Representative Plaintiffs and Members of the Class, nor have they been reimbursed for

7    their out-of-pocket expenses.  On or before the date specified in the Preliminary Approval and

8    Notice Order, Class Counsel will submit their Fee Application requesting approval of a Fee

9    Award consisting of an award of attorneys' fees in an amount of up to one-third of the Settlement

10   Fund as defined in Section 1.28.  Facebook agrees that a request by Class Counsel for such a Fee

11   Award is fair and reasonable and it will not object to or otherwise challenge Class Counsels' Fee

12   Application from the Settlement Fund if limited to such an amount.  Class Counsel have, in turn,

13   agreed not to seek more than said amount from the Court.

14   4.13.   The amount of any Fee Award, costs and expenses shall be paid from the

15   Settlement Fund.  In the event the Settlement is not finally approved, Facebook is under no

16   obligation to pay attorneys' fees, incentive awards, costs or expenses, or interest thereon.

17   4.14.   Notwithstanding any appeal, objection, or challenge to the Court's entry of the

18   Judgment or Final Approval Order and Judgment, no later than ten (10) business days after the

19   entry of such order Defense Counsel or Facebook shall pay to Class Counsel the Fee Award from

20   the Settlement Fund provided Class Counsel provides adequate security for the recovery of

21   amounts paid in the event of reversal on appeal of the final approval of this Settlement.

22   4.15.   The Fee Application and the Court's decision to grant or deny it, in whole or in

23   part, are to be considered by the Court separately from the Court's consideration of the fairness,

24   reasonableness, and adequacy of the Settlement.  Any order or proceedings relating to the Fee

25   Application or Fee Award, or any appeal from any order relating thereto or reversal or

26   modification thereof, will not operate to terminate or cancel this Settlement Agreement, or affect

27   or delay the finality of the Judgment approving the Settlement and this Settlement Agreement.

28



1    No order of the Court or modification or reversal on appeal of any order of the Court concerning

2    any Fee Award shall constitute grounds for cancellation or termination of this Agreement.

3        4.16.   In addition to any benefits afforded under the Settlement, and in recognition of

4    their efforts on behalf of the Class, subject to Court approval, Sean Lane shall receive fifteen

5    thousand dollars ($15,000); Sean Martin and Mohammad Sheikha shall each receive seven

6    thousand five hundred dollars ($7,500) and the other Representative Plaintiffs shall each receive

7    one thousand dollars as appropriate compensation for their time and effort serving as the

8    Representative Plaintiffs in the Litigation.  Facebook or Defense Counsel shall pay such amount

9    from the Settlement Fund to the Representative Plaintiffs, in care of Class Counsel, within thirty

10   (30) days of the Effective Date.

11       4.17.   Except as otherwise provided in this section, each Party will bear his/her/its own

12   costs of suit, including attorneys' fees, incurred in bringing or defending against the Litigation.

13   **E.**    **Tax Liability For Settlement Fund**

14       4.18.   Under no circumstances will  Facebook or Defense Counsel have any liability for

15   taxes or tax expenses under the Settlement.

16   **F.**    **Formation of Privacy Foundation**

17       4.19.   Within twenty (20) days of the entry of the Judgment or Final Approval Order and

18   Judgment, utilizing the net proceeds of the Settlement Fund, Facebook shall form and establish

19   the a non-profit foundation ("Privacy Foundation"), the purpose of which shall be to fund projects

20   and initiatives that promote the cause of online privacy, safety, and security. The out-of-pocket

21   expenses (including filing fees, legal fees, and naming costs) shall constitute an Administrative

22   Cost that shall be deducted from the Settlement up to a maximum cap of $50,000, inclusive.

23       4.20.   The charter and bylaws of the Privacy Foundation shall be to fund and sponsor

24   programs designed to educate users, regulators, and enterprises regarding critical issues relating

25   to protection of identity and personal information online through user control, and to protect users

26   from online threats.  The Privacy Foundation shall be prohibited from directly or indirectly

27   sponsoring litigation except to defend its resources.  Consistent with the terms of this section,

28

5:08-CV-03845-RS

1    Facebook shall submit the form of initial charter and bylaws to the Court in connection with the

2    parties seeking final approval of this Settlement.

3        4.21.   The Privacy Foundation shall have three directors.  The initial directors shall be

4    chosen by mutual agreement of the parties, through their respective counsel.  In the event that the

5    three directors cannot be selected through mutual agreement, each Party shall nominate one

6    director to serve on the Board of the Privacy Foundation and then each side shall further nominate

7    a proposed third director and the Mediator shall make the final and binding selection as to the

8    identity of the third director.  During its first year, the Privacy Foundation shall unanimously

9    determine a plan for terms and succession of its officers and directors and a permanent name for

10   the Foundation.  After the initial directors have served their initial terms, all future directors shall

11   be nominated and selected in accordance with the charter and by-laws of the foundation.  The

12   Privacy Foundation's governance and operations shall be determined by majority vote of the

13   Board.

14       4.22.   The Privacy Foundation also shall have a two member "Board of Legal Advisors"

15   who shall offer nonbinding advice on compliance with the provisions of this Agreement, attend

16   all formal meetings and offer nonbinding advice to the officers and directors.  Michael Rhodes

17   and Scott A. Kamber, or their designees, shall serve as the initial board of legal advisors.  During

18   its first year, the board of legal advisors, in consultation with the directors and officers, shall

19   determine a plan for terms and succession of members of the board of legal advisors.

20       **G.    Termination of the Beacon Program**

21       4.23.   In connection with this Settlement, and within sixty (60) days of the Preliminary

22   Approval Date, Facebook shall terminate the Beacon program in its entirety.  In the event that this

23   Settlement is not finalized in its entirety, then Facebook reserves the right to restart and/or

24   reactivate Beacon in whole or part.

25   **V.   RELEASES**

26       5.1.    Upon the Effective Date, each of the Representative Plaintiffs and each of the

27   Class Members will be deemed to have, and by operation of the Judgment will have, fully,

28

5:08-CV-03845-RS

1  finally, and forever released, relinquished, and discharged the Protected Persons from all

2  Released Claims.

3         5.2.    The Representative Plaintiffs, on behalf of all Class Members, acknowledge and

4  agree that they have read and understand the contents of Section 1542 of the Civil Code of the

5  State of California, and, to the fullest extent permitted by law, the Representative Plaintiffs and

6  all Class Members expressly, knowingly, intentionally, and irrevocably waive any and all rights

7  and benefits that they may have under Section 1542 or any other similar state or federal statute, or

8  common law or other legal principle.  Section 1542 reads as follows:

9            **Section 1542.  (General Release - Claims Extinguished)  A GENERAL**

10           **RELEASE   DOES   NOT   EXTEND   TO   CLAIMS   WHICH   THE**

11           **CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR**

12           **HER FAVOR AT THE TIME OF EXECUTING THE RELEASE,**

13           **WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY**

14           **AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

15        5.3.    The Representative Plaintiffs and one or more Class Members may hereafter

16 discover facts different from or in addition to those that they now know or believe to be true with

17 respect to the releases provided for in this section (Section 5).  Nevertheless, the Representative

18 Plaintiffs and all Class Members hereby expressly waive and release upon the Effective Date any

19 and all Released Claims, whether known or unknown, suspected or unsuspected, foreseen or

20 unforeseen, contingent or non-contingent, without regard to the subsequent discovery or existence

21 of such different or additional facts.

22        5.4.    Notwithstanding anything to the contrary in this Settlement Agreement, the

23 releases contained in Section 5 herein do not extend to any action or proceeding to enforce or

24 defend any rights or obligations arising under this Agreement.

25 **VI.   PRELIMINARY APPROVAL AND NOTICE ORDER; FINAL FAIRNESS HEARING**

26        6.1.    Promptly after execution of this Settlement Agreement, Class Counsel will

27 move the Court for entry of the Preliminary Approval and Notice Order, requesting, *inter alia*,

28 preliminary approval of the Settlement and for a stay of all proceedings in the Litigation against

the Protected Persons until the Court renders a final decision on approval of the Settlement.  The

motion shall include (a) the proposed Preliminary Approval and Notice Order in the form

attached as Exhibit 4 hereto, (b) the proposed forms of Notice, substantially in the form of

Exhibits 2 and 3 hereto; and (c) a proposed Final Approval Order and Judgment finally approving

the Settlement in the form attached as Exhibit 1 hereto.

     6.2.     After dissemination of the Notice in accordance with the Preliminary Approval

and Notice Order, Class Counsel will move the Court for Final Approval Order and entry of the

Judgment,

     (a)     certifying the settlement Class, and, fully and finally approving the

Settlement contemplated by this Agreement and its terms as being fair, reasonable and adequate

within the meaning of Rule 23 of the Federal Rules of Civil Procedure and directing its

consummation pursuant to its terms and conditions;

     (b)     finding that the notice given to Class Members as contemplated in

subsections 4.1-4.3 above constitutes the best notice practicable under the circumstances and

complies in all respects with the requirements of Rule 23 of the Federal Rules of Civil Procedure

and due process;

     (c)     directing that the Litigation be dismissed with prejudice as to Protected

Persons and, except as provided for herein, without costs;

     (d)     discharging and releasing the Protected Persons from all Released Claims;

     (e)     permanently barring and enjoining the institution and prosecution, by

Plaintiffs and the Class Members, of any other action against the Protected Persons in any court

asserting any Released Claims;

     (f)     reserving continuing and exclusive jurisdiction over the Settlement,

including all future proceedings concerning the administration, consummation and enforcement

of this Agreement;

     (g)     determining pursuant to Fed. R. Civ. P. 54(b) that there is no just reason for

delay and directing entry of a final judgment as to defendants in the Litigation; and

(h)    containing such other and further provisions consistent with the terms of this Settlement Agreement to which the parties expressly consent in writing.

6.3.    The Parties will request that the Court hold a hearing, at least ninety (90) days after the appropriate state and federal officials are served with proper notice of this Settlement Agreement pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, on whether the Settlement should be granted final approval and whether Class Counsels' Fee Application should be granted.

6.4.    Following dissemination of the Notice as provided in the Preliminary Approval and Notice Order, Class Members will have the right to opt out of the Settlement in accordance with the procedures set forth in the Notice.  Any right to opt out shall be personal to the Class Member and shall not be assignable.

6.5.    In the event that 1,500 or more Class Members opt out of the Settlement, Facebook will be entitled at its sole option to void, nullify, terminate, and/or rescind the Settlement Agreement and the MOU.  Such option must be exercised at least fourteen (14) days before the final fairness hearing on the approval of the Settlement.

## VII.    OPT-OUT AND OBJECTIONS

7.1.    Any Person may opt out of the Class at any time during the period of time approved by the Court and as will be outlined in the Court-approved Notice.  Opt-outs must be post-marked by a date approved by the Court and specified in the Notice.  In order to exercise the right to opt out, the Person seeking to opt-out must complete and return a request for exclusion to the claims administrator during the opt-out period.  Except for those Persons who have properly opted out, all Class Members will be bound by this Settlement and the Judgment to be entered following final approval of this Settlement Agreement.  Any Person who elects to opt out of the Settlement Class shall not (i) be bound by any orders or Judgment entered in this Litigation; (ii) be entitled to relief under this Settlement; (iii) gain any rights by virtue of this Settlement; or (iv) be entitled to object to any aspect of this Settlement.   Any request for exclusion must be personally signed by the Person requesting exclusion.  So-called "mass" or "class" opt-outs shall not be allowed.

7.2.    Any Class Member who intends to object to this Settlement must include his/her name and address, include all arguments, citations, and evidence supporting the objection and that they are a member of the Class, and provide a statement whether the objector intends to appear at the final fairness hearing, either with or without counsel.  Objections must be post-marked by a date approved by the Court and specified in the Notice.  Any Class Member who fails to timely file a written objection and notice of his or her intent to appear at the fairness hearing pursuant to this paragraph or as detailed in the Notice, shall not be permitted to object to this Settlement at the fairness hearing, and shall be foreclosed from seeking any review of this Settlement by appeal or other means.

**VIII.   CONDITIONS**

8.1.    The Effective Date of this Settlement Agreement is conditioned upon the occurrence of all of the following events:

(a)    The Court enters the Preliminary Approval and Notice Order;

(b)    Facebook does not exercise its option under Section 6.5 herein to void, nullify, terminate, and/or rescind the Settlement Agreement and the MOU;

(c)    The Court enters the Judgment, providing, among other things, that the Class is certified for settlement purposes, that there has been adequate and sufficient notice of the Settlement to the Class, and that the terms and conditions of the Settlement are fair, reasonable, and adequate as a settlement of the claims of the Class in the Litigation;

(d)    The Judgment becomes Final;

(e)    The Litigation is dismissed with prejudice as to Facebook and the Protected Persons; and

(f)    The Representative Plaintiffs and all Class Members release Facebook and all Protected Persons from the Released Claims.

8.2.    In the event that any one or more of these conditions is not met, this Settlement Agreement will be of no force or effect, and the Parties will be deemed to be in the same position as they occupied prior to entering into this Settlement Agreement, without waiver of any rights, claims or defenses, unless the Parties mutually agree in writing to proceed with this Agreement.

8.3.    If the Court does not enter the Preliminary Approval and Notice Order, substantially in the form of Exhibit 4 hereto, the Final Approval Order and Judgment, substantially in the form of Exhibit 1 hereto, or if the Court enters the Final Approval Order and Judgment and appellate review is sought and, on such review, the Final Approval Order and Judgment is finally vacated, modified, or reversed, then this Agreement and the Settlement incorporated therein shall be cancelled and terminated, unless all parties who are adversely affected thereby, in their sole discretion within thirty (30) days from the date of receipt of such ruling to such parties, provide written notice to all other parties hereto of their intent to proceed with the Settlement under the terms of the Preliminary Approval and Notice Order or the Final Approval Order and Judgment as modified by the Court or on appeal.  Such notice may be provided on behalf of Plaintiffs and the Class Members by Class Plaintiffs' Counsel.  No Party shall have any obligation whatsoever to proceed under any terms other than substantially in the form provided and agreed to herein; provided, however, that no order of the Court concerning any Fee and Expense Application, or any modification or reversal on appeal of such order, shall constitute grounds for cancellation or termination of this Agreement by any Party.  Without limiting the foregoing, defendant Facebook shall have, in its sole and absolute discretion, the option to terminate the Settlement in its entirety in the event that the Judgment, upon becoming Final, does not provide for the dismissal with prejudice of all of the claims against them asserted in the Litigation.

8.4.    If this Settlement Agreement is not finally approved for any reason or fails to become effective or Final in accordance with its terms, the Settlement Fund, less any outstanding Administrative Costs incurred or due and owing, and any amounts incurred or due and owing in connection with taxes or tax expenses provided for herein, will revert entirely to Facebook.

8.5.    If a case is commenced with respect to Facebook under Title 11 of the United States Code (Bankruptcy) or a trustee, receiver, or conservator is appointed under any similar laws, and if a final order of a court of competent jurisdiction is entered determining that payments by Facebook pursuant to the Settlement are a preference, voidable or fraudulent transfer, or

1  similar transaction, then the releases given and Judgment entered in favor of the Protected

2  Persons pursuant to this Settlement Agreement will be null and void.

3         8.6.    If additional notice, other than that specified in this Settlement is ordered by the

4  Court, or the Court requires that notice be provided to Class Members via standard mail as a

5  condition for the Court's approval of the Settlement, the costs of such additional notice are

6  deemed Administrative Costs and will be reimbursed to Facebook from the Settlement Fund.

7  **IX.   MISCELLANEOUS PROVISIONS**

8         9.1.    The Parties acknowledge that it is their intent to consummate this Settlement

9  Agreement, and agree to cooperate to the extent reasonably necessary to effectuate and

10  implement all terms and conditions of this Settlement Agreement and to exercise their best efforts

11  to accomplish such terms and conditions.

12         9.2.    The Parties intend the Settlement to be a final and complete resolution of all

13  disputes between them with respect to the Litigation and the Released Claims.  The Settlement

14  compromises claims that are contested and will not be deemed an admission by any Settling Party

15  as to the merits of any claim or defense.

16         9.3.    The time to appeal from an approval of the Settlement shall commence upon the

17  Court's entry of the Judgment regardless of whether an application for attorneys' fees and

18  expenses has been submitted to the Court or resolved.

19         9.4.    Neither this Settlement Agreement, the Settlement, nor any act performed or

20  document executed pursuant to or in furtherance of the Settlement is or may be deemed to be an

21  admission of, or evidence of:  (i) the validity of any Released Claims; (ii) any wrongdoing or

22  liability of Facebook; or (iii) any fault or omission of Facebook in any civil, criminal, or other

23  proceeding in any court, administrative agency, or other tribunal.  Neither this Settlement

24  Agreement nor the Settlement, nor any act performed or document executed pursuant to or in

25  furtherance of this Settlement Agreement or the Settlement shall be admissible in any proceeding

26  for any purpose, except to enforce the terms of the Settlement, and except that any of the

27  Protected Persons may file this Settlement Agreement and/or the Judgment in any action that may

28  be brought against them in order to support any defense or counterclaim, including without

1    limitation those based on principles of *res judicata*, collateral estoppel, release, good faith

2    settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion

3    or similar defense or counterclaim.

4         9.5.    All of the Exhibits to this Settlement Agreement are material and integral parts

5    hereof and are fully incorporated herein by this reference. Any inconsistency between this

6    Settlement Agreement and the Exhibits attached hereto shall be resolved in favor of this

7    Agreement.

8         9.6.    The Parties acknowledge and agree that this Settlement Agreement and the

9    Exhibits attached hereto constitute the entire agreement among the Parties, that they have not

10    executed this Settlement Agreement in reliance on any promise, representation, inducement,

11    covenant, or warranty except as expressly set forth herein, and that this Settlement Agreement

12    supersedes all other prior statements or agreements, whether oral and written, to the extent any

13    provision hereof is inconsistent with any such prior oral or written statements or agreements.

14         9.7.    This Settlement Agreement may not be amended except by a writing executed by

15    all Parties hereto or their respective successors-in-interest.

16         9.8.    The Court will retain jurisdiction with respect to implementation and enforcement

17    of the terms of this Settlement Agreement and over any disputes arising under this Settlement

18    Agreement, and all Parties hereby submit to the jurisdiction of the Court for such purposes.

19         9.9.    Each Party represents and warrants to all other Parties that such Party:  (a) was

20    represented by attorneys of the Party's choosing in connection with the execution of this

21    Settlement Agreement; (b) has read and understood all aspects of this Settlement Agreement and

22    all of its effects; and (c) has executed this Settlement Agreement as a voluntary act of the Party's

23    own free will and without any threat, force, fraud, duress, or coercion of any kind.

24         9.10.    Class Counsel represents and warrants that it is expressly authorized by the

25    Representative Plaintiffs to take all appropriate action required or permitted to be taken by the

26    Class pursuant to this Settlement Agreement to effectuate its terms, and is expressly authorized to

27    enter into any modifications or amendments to this Agreement on behalf of the Class.

28

9.11.   If any provision of this Settlement Agreement is declared by the Court to be invalid, void, or unenforceable, the remaining provisions of this Settlement Agreement will continue in full force and effect, unless the provision declared to be invalid, void, or unenforceable is material, at which point the Parties shall attempt to renegotiate the Settlement Agreement or, if that proves unavailing, either Party can terminate the Settlement Agreement without prejudice to any Party.

9.12.   This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.  Without limiting the generality of the foregoing, each and every covenant and agreement herein by Plaintiffs and Class Counsel be binding upon all Class Members.

9.13.   This Settlement Agreement will be construed as if the Parties jointly prepared it, and any uncertainty or ambiguity will not be interpreted against any one Party because of the manner in which this Settlement Agreement was drafted or prepared.

9.14.   The headings used in this Settlement Agreement are for convenience only and will not be used to construe its provisions.

9.15.   This Settlement Agreement may be executed by facsimile and in any number of counterparts, all of which will be construed together and will constitute one document.

9.16.   This Agreement shall not be modified in any respect except by a writing executed by all the parties hereto, and the waiver of any rights conferred hereunder shall be effective only if made by written instrument of the waiving party.  The waiver by any party of any breach of this Agreement shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent or contemporaneous, of this Agreement.

9.17.   To the extent necessary, the Parties agree to submit any disputes relating to the substance or wording of this Settlement Agreement or the terms or content of the Settlement Agreement to the Mediator.  If the Mediator is unable to resolve the dispute, then the dispute will be submitted to the Court.  The Court shall retain exclusive jurisdiction over the implementation and enforcement of this Agreement.

1      9.18.   This Settlement Agreement will be governed by, and construed in accordance

2  with, the laws of the State of California.

3      9.19.   Each Person executing this Settlement Agreement as Class Counsel or Defense

4  Counsel hereby warrants that such Person has the full authority to make any and all

5  representations or warranties made in this Settlement Agreement, to agree to all terms and

6  conditions of this Settlement Agreement, and to execute this Settlement Agreement.

7      9.20.   The Parties and their counsel shall keep confidential the terms of this Settlement

8  Agreement until such time as they mutually agree on the content and timing of a joint press

9  release announcing the Settlement, or until Plaintiffs file a motion for preliminary approval of the

10  Settlement pursuant to subsection 6.1 above, whichever is sooner.   Notwithstanding the

11  foregoing, prior to the time that such press release is issued or Plaintiffs file a motion for

12  preliminary approval of the Settlement pursuant to subsection 6.1 above, whichever is sooner, the

13  Parties and their counsel may disclose the fact of such settlement, and defendants in the Litigation

14  may disclose the terms of this Settlement Agreement to their accountants, financial, tax and legal

15  advisors and such other Persons as required to comply with any obligations or requirements that

16  may exist under applicable federal and state tax or securities laws.

17      **IN WITNESS WHEREOF,** the Parties have executed and caused this Settlement

18  Agreement to be executed by their duly authorized attorneys, as of the dates set forth below.

19

20

21

22

23

24

25

26

27

28

Dated: 9 – 17 , 2009                     COOLEY GODWARD KRONISH LLP


                                         _Michael Orl_

                                         Michael G. Rhodes (116127)
                                         COOLEY GODWARD KRONISH LLP
                                         Five Palo Alto Square
                                         3000 El Camino Real
                                         Palo Alto, CA  94306-2155


                                         Attorneys for Defendant
                                         FACEBOOK, INC.


                                         _____
                                         Scott A. Kamber
                                         David A. Stampley
                                         KAMBEREDELSON, LLC
                                         11 Broadway, 22d Floor
                                         New York, NY 10004
                                         Tel.:  (212) 920-3072


                                         _____
                                         Joseph H. Malley
                                         LAW OFFICE OF JOSEPH H. MALLEY
                                         1045 North Zang Boulevard
                                         Dallas, Texas 75208
                                         Ph. (214) 943-6100


                                         Class Counsel, on behalf of Plaintiffs individually,
                                         and on behalf of the Class

1   Dated: Sept. 17, 2009                    COOLEY GODWARD KRONISH LLP

2

3

4                                            Michael G. Rhodes (116127)
                                             COOLEY GODWARD KRONISH LLP
5                                            Five Palo Alto Square
                                             3000 El Camino Real
6                                            Palo Alto, CA 94306-2155

7                                            Attorneys for Defendant
                                             FACEBOOK, INC.
8

9

10                                           Scott A. Kamber
                                             David A. Stampley
11                                           KAMBEREDELSON, LLC
                                             11 Broadway, 22d Floor
12                                           New York, NY 10004
                                             Tel.: (212) 920-3072
13

14

15                                           Joseph H. Malley
                                             LAW OFFICE OF JOSEPH H. MALLEY
16                                           1045 North Zang Boulevard
                                             Dallas, Texas 75208
17                                           Ph. (214) 943-6100

18
                                             Class Counsel, on behalf of Plaintiffs individually,
19                                           and on behalf of the Class

20

21

22

23

24

25

26

27