SCOTT KAMBER (admitted *pro hac vice*)
DAVID STAMPLEY (admitted *pro hac vice*)
*skamber@kamberedelson.com*
*dstampley@kamberedelson.com*
KAMBEREDELSON, LLC
11 Broadway, 22nd Floor
New York, New York 10004
Telephone: (212) 920-3072
Facsimile:  (212) 202-6364

JOSEPH H. MALLEY (admitted *pro hac vice*)
LAW OFFICE OF JOSEPH H. MALLEY
1045 North Zang Boulevard
Dallas, Texas 75208
Telephone: (214) 943-6100
Facsimile:  (214) 943-6170

DAVID C. PARISI (SBN 162248)
SUZANNE HAVENS BECKMAN (SBN 188814)
*dcparisi@parisihavens.com*
*shavens@parisihavens.com*
PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, California 91403
Telephone: (818) 990-1299
Facsimile:  (818) 501-7852

ATTORNEYS FOR PLAINTIFFS

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| SEAN LANE, *et al.*, <br><br>　　　　　Plaintiffs, <br>v. <br><br>FACEBOOK, INC., a Delaware Corporation, <br>BLOCKBUSTER, INC., a Delaware Corporation, <br>FANDANGO, INC., a Delaware Corporation, <br>HOTWIRE, INC., a Delaware Corporation, <br>STA TRAVEL, INC., a Delaware Corporation, <br>OVERSTOCK.COM, INC., a Delaware corporation, <br>ZAPPOS.COM, INC., a Delaware Corporation, <br>GAMEFLY, INC., a Delaware Corporation, and <br>DOES 1-40, corporations, <br><br>　　　　　Defendants. | No. 08-cv-3845 RS <br><br>[Assigned to the Hon. Richard Seeborg] <br><br>**DECLARATION OF SCOTT A. KAMBER IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT** <br><br>Location: Courtroom 4, 5th Floor <br>280 South First Street <br>San Jose, CA 95113 <br>Date: October 14, 2009 <br>Time: 9:30 a.m. |

**DECLARATION OF SCOTT A. KAMBER**

I, Scott A. Kamber, declare as follows:

1. I am one of plaintiffs' counsel in the above-captioned litigation. I make this declaration in support of plaintiffs' motion for final approval of the settlement and for approval of their application for fees and expenses. I have actively participated in all aspects of this litigation, including negotiation of the settlement, and am fully familiar with the proceedings in the matter in which resolution is sought by the parties. If called upon, I am competent to testify that the following facts are true and correct to the best of my knowledge, information, and belief.

2. I represent that the disclosures contained herein relating to mediation and negotiation between the parties are with the consent of Michael Rhodes of Cooley Godward Kronish LLP and are not violative of any settlement or mediation privilege.

3. For over three months prior to the filing of the complaint in this matter, myself and attorneys under my direct supervision worked closely with co-counsel Joseph Malley and certain class representatives, investigating facts and developing legal theories contained in the complaint. This pre-complaint effort occupied hundreds of hours of attorney and client time as well as consultations with certain nonlegal experts. This case impacted millions of class members and dealt with highly technical areas of the implementation of the sharing of class member information between Internet sites by Facebook and required a tremendous effort to understand the issues, the mechanisms by which Facebook shared certain information, and Facebook's implementation of the consent mechanism. I believe that this understanding allowed us to plead this case with the detail and accuracy that motivated rather early settlement negotiations between the parties. Based on my experience, I believe that the promptness of relief is an absolutely critical feature in addressing resolution of internet usage issues that involve injunctive relief. Our research, confirmed through the settlement process, is that there are millions of class members and that numerosity is satisfied.

4. On August 12, 2008, the plaintiffs in this matter filed a complaint on their own behalf and on behalf of a purported class of all Facebook members who had visited the websites of one or more entities affiliated with Facebook, including Facebook's co-defendants in this matter, between November 7 and December 5, 2007, inclusive, and whose activities on those affiliated sites were communicated to Facebook via Facebook's Beacon program. Plaintiffs alleged that the defendants failed to provide them proper and adequate notice regarding Beacon's transmissions of information about them to Facebook, failed to obtain their consent for such transmissions, and engaged in actions that violated the Electronic Communications Privacy Act ("ECPA"), the Video Privacy Protection Act ("VPPA"), the Computer Fraud and Abuse Act ("CFAA"), the California Consumer Legal Remedies Act ("CLRA"), and the California Computer Crime Law ("CCCL"). (Dkt. 1). .

5. At all times, all Defendants have denied and continue to deny that they have engaged in any wrongdoing or committed, threatened to commit, or attempted to commit any wrongdoing of any kind, including that alleged in the complaint in this matter. On October 10, 2008, Facebook, pursuant to Federal Rule of Civil Procedure 12(b)(6), moved to dismiss plaintiffs' causes of action under Count I, alleging ECPA violations; Counts III and IV, alleging violations of the VPPA against Facebook, and regarding which Facebook argued that it is not a "Video Tape Service Provider" as defined in the statute and that it cannot be held secondarily liable; Count V, alleging violations of the CLRA by defendants Facebook, Fandago, Hotwire, Gamefly, and STA, and regarding which Facebook argued that the complaint lacked the particularity required by Federal Rule of Civil Procedure 9(b) and that the plaintiffs were not "consumers" as defined by the statute; and Count VI, alleging violations of the CCCL against defendants Facebook, Fandago, Hotwire, Gamefly, and STA, alleging, *inter alia*, that plaintiffs failed to adequately plead damages or losses attributable to Facebook's conduct. Facebook did not challenge Count II, alleging VPPA violations by Blockbuster, Fandago, Overstock, and Gamefly. (Dkt. 14). Plaintiffs' counsel have briefed their response to Facebook's motion to dismiss and believe that plaintiffs would prevail in an adjudication of that motion.

Declaration of S. Kamber in Support of Motion for Preliminary Approval — - 3 - — Case No. No. 08-cv-3845 RS

6. Plaintiffs did not file their brief following Facebook's filing of its motion to dismiss. Instead, the parties agreed to private and confidential mediation of the matter and engaged in nine months of substantive, arms-length negotiations.

    a. On December 9, 2008, representatives of Facebook and plaintiffs met with mediator Antonio Piazza in the offices of Gregorio, Haldeman, Piazza, Rotman, Frank & Feder in San Francisco, California. I led the plaintiffs' negotiating team, which included Joseph Malley of the Law Office of Joseph H. Malley and David Stampley, Michael Aschenbrener, and Alan Himmelfarb of KamberEdelson, LLC. Facebook was represented by Mark Howitson, Deputy General Counsel, Ted Ullyot, General Counsel, Sam O'Rourke, Associate General Counsel from Facebook and Michael Rhodes and Maria Ostrovsky of the law firm of Cooley Godward Kronish LLP. With the assistance of Mr. Piazza, Plaintiffs' counsel met with Facebook's representatives and with the participation of Facebook CEO, Mark Zuckerberg. Throughout the day, the parties' representatives met unilaterally with Mr. Piazza. In addition, Mr. Stampley and Mr. Aschenbrener met separately with Mr. O'Rourke of Facebook and Ms. Ostrovsky of Cooley Godward to view and discuss examples of users' interactions on Facebook's website and on the websites of affiliates deploying the Beacon program. After a full day of mediation, the parties agreed on all substantive relief and memorialized their mutual understanding in document outlining the principal terms of settlement.

    b. At no point prior to reaching agreement on the substantive terms of settlement did the parties discuss the amount of any incentive fees or payments to class counsel. This took place for the first time at the end of the mediation and immediately prior to the memorialization of terms set forth above.

    c. In the following months, I personally negotiated with Mr. Rhodes of Cooley Godward to flesh out the settlement framework and implementation. and other attorneys at my firm met with other outside and in-house counsel at Facebook. On February 11, 2009, Mr. Stampley and Mr. Aschenbrener met with Mr. O'Rourke, Facebook Associate General Counsel, at Facebook's offices to continue discussing the mechanics of users'

online experiences when interacting with the websites of Facebook and its affiliates. Over the following months, the parties continued to negotiate, exchange information regarding settlement details, and examine creative approaches to potential injunctive relief compatible with Facebook's business model.

        d.     In the late spring, the parties reached a seeming impasse regard the details of injunctive relief involving changes to the Facebook website and Beacon program operation. In my opinion, the parties were unable to resolve this impasse without substantively diverging from the framework agreed upon in the principal terms of settlment previously memorialized during mediation. Since this required revisiting a previously agreed-to substantive term, I refused to engage in any resolution of this issue outside the presence of the mediator and requested that the parties schedule an additional mediation session in an effort to conclude the settlement process.

        e.     On July 28, 2009, the parties' representatives again met in person with mediator Antonio Piazza and, afterwards, continued negotiating the details of a settlement agreement. To break the impasse over the terms, the parties with the active input of the mediator agreed Facebook would terminate the Beacon program itself within 60 days of preliminary approval. I believed this provided clarity with respect to the relief being offered and was beneficial to the class. This obviated the need to define what may be permissible moving forward with Beacon, and allowed the parties to move forward in a manner that provided maximum benefit to the class. Further, at this mediation session, I was able to obtain an accelerated funding of the Foundation by Facebook. With the assistance of Mr. Piazza, the parties were able to successfully conclude the negotiation of the major sticking points with the settlement agreement. Less than a month later, all parties had given their consent to the terms contained in the settlement agreement. Having reached full agreement on terms and conditions of a settlement, the parties now seek the Court's preliminary approval.

        7.     I have participated directly in the mediation and negotiation efforts and the petition for preliminary approval of the proposed settlement now before this Court.

1. Throughout our mediation and negotiation efforts and in advising our clients of the proposed settlement, plaintiff's counsel's has at all times considered the fairness, reasonableness, and adequacy of the settlement for the class, taking into account: the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of any further litigation; the risk of certifying a class and then maintaining class action status through trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; and the experience and views of plaintiffs' counsel. Against the backdrop of counsels' collective experience in prosecuting complex class actions, co-counsel and I have considered the claims set forth in the complaint and our continued confidence in the merit of those claims, the scope of relief offered in the settlement compared to the potential relief at the conclusion of litigation, and the risks and costs of continued litigation. Taking these factors into account, it is my opinion that the proposed settlement is fair, reasonable, and adequate, well within the range of possible approval, and therefore deserving of the Court's preliminary approval.

8. A true and correct copy of the proposed settlement agreement entered into by the parties in this matter is attached as Exhibit A to the Notice of Motion of which this declaration is an exhibit.

9. Proposed class counsel possesses extensive experience in prosecuting class actions and other complex litigation. A copy of the firm resume of KamberEdelson, LLC is attached as Exhibit C to the Notice of Motion of which this declaration is an exhibit.

10. Further, proposed class counsel have diligently investigated and prosecuted this matter, dedicating substantial resources to the investigation of the claims at issue in the action, and have successfully negotiated the settlement of this matter to the benefit of the class.

11. I declare under penalty perjury under the laws of the United States of America that the foregoing is true and correct.

Declaration of S. Kamber in Support of Motion for Preliminary Approval

- 6 -

Case No. No. 08-cv-3845 RS

Executed on September 18, 2009 at New York, New York.

        s/<u>Scott A. Kamber</u>
          Scott A. Kamber