George A. Otstott [Bar No. 184671]
gotstott@bhplaw.com
Thomas J. Moses [Bar No. 116002]
tmoses@bhplaw.com
BRYDON, HUGO & PARKER
135 Main Street, 20th Floor
San Francisco, CA 94105
Telephone: (415) 808-0300
Facsimile: (415) 808-0300
Attorneys for Intervenors
CATHERINE HARRIS, MARIO HERRERA, and MARYAM HOSSEINY

Thomas M. Corea [Texas Bar No. 24037906]
Jeremy R. Wilson [Texas Bar No. 24037722]
THE COREA FIRM, P.L.L.C.
1201 Elm Street, Suite 4150
Dallas, TX 75270
Telephone: (214)953-3900
Facsimile: (214)953-3901

George A. Otstott [Texas Bar No. 15342000]
Ann Jamison [Texas Bar No. 00798278]
OTSTOTT & JAMISON, P.C.
Two Energy Square
4849 Greenville Avenue, Suite 1620
Dallas, TX 75206
Telephone: (214)522-9999
Facsimile: (214)828-4388
Texas Counsel for Intervenors
CATHERINE HARRIS, MARIO HERRERA, and MARYAM HOSSEINY
(Application to Appear *Pro Hac Vice* pending)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANE LANE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, et al.,<br><br>Defendants. | Case No. 5:08-cv-03845-RS<br><br>INTERVENORS' NOTICE OF MOTION AND MOTION FOR LIMITED INTERVENTION AND TO STAY CONSIDERATION OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT<br><br>Assigned to the Hon. Richard Seeborg<br><br>Date: November 18, 2009<br>Time: 9:30 a.m.<br>Dept: 4 |

INTERVENORS' MOTION FOR INTERVENTION RE MOTION FOR APPROVAL OF SETTLEMENT

## NOTICE OF MOTION AND MOTION

NOTICE IS HEREBY GIVEN that CATHERINE HARRIS, MARIO HERRERA, and MARYAM HOSSEINY, Proposed Intervenors in the above-captioned matter ("Intervenors") will, pursuant to Federal Rule of Civil Procedure 24, move that the above-named Court allow them to effect a limited intervention and to stay consideration of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement in this class action on November 18, 2009, at 9:30 a.m., or at such other time as may be set by the Court at the Case Management Conference presently set for that time with the Court, located at 280 South First Street, San Jose, California 95113, in Courtroom 4, 5th Floor, before the Honorable Richard Seeborg.

Intervenors seeks limited intervention of this matter to allow them to seek the following relief: 1) an order compelling the Parties to file a Notice of Pendency of Other Action or Proceeding, namely *Harris v. Blockbuster, Inc.* Cause Number 3:09-cv-217, United States District Court Northern District of Texas, transferred from Cause Number 2:08-cv-00155-DF, United States District Court for the Eastern District of Texas; 2) a stay of Plaintiffs' Motion for Approval of Class Action Settlement Agreement (doc. 38)(currently set for hearing October 14, 2009, at 9:30) until the Court can review full briefing of the overlap between these two actions and whether they are, in fact, related and should be transferred to the first-filed court (Intervenors also ask for permission to appear at the October 14, 2009, hearing to alert the Court to the pendency of this issue and to discuss its impact on Plaintiffs' Motion); 3) a stay of this action and transfer to the District Court for the Northern District of Texas for determination as to whether, as the first-filed Court, it should be the Court to oversee this dispute to resolution; 4) a briefing schedule prior to consideration of Plaintiffs Motion for Preliminary Approval of Class Action Settlement Agreement (doc. 38), allowing Intervenors to object that the terms of the settlement are not fair, adequate, or reasonable; are contrary to public policy; and that this class should not be conditionally certified as it does not meet the requirements of Federal Rule of Civil Procedure 23; and 5) an Order allowing Intervenors to review to the

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

1

INTERVENORS' MOTION FOR INTERVENTION RE MOTION FOR APPROVAL OF SETTLEMENT

discovery taken in this case and allowing them to take their own discovery to ascertain whether the extent of Blockbuster's liability has been fully explored and to present informed arguments as to the topics listed in 4) above.

The Motion is based on this Notice of Motion, Intervenors' Brief in Support of the Motion and the authorities cited therein, oral argument of counsel, and any other matter that may be submitted at the hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

### STATEMENT OF FACTS

This lawsuit was originally filed on August 12, 2008, against Facebook, Inc. ("Facebook") and Blockbuster, Inc. ("Blockbuster") as well as other defendants for violations of law connected with Facebook's "Beacon" program.[1] While other causes of action were asserted against several other Defendants (including 40 supposed "John Doe" defendants), this lawsuit has clearly revolved around alleged violations of the Video Privacy Protection Act by Blockbuster ("VPPA").[2] The VPPA provides for statutory liquidated damages of $2,500 for each improper disclosure of personal customer information by a "video tape service provider."[3] Under the definitions of the VPPA, Blockbuster, Inc. is clearly the largest and certainly most culpable "video tape service provider" named in this lawsuit. It is clear that the thrust of Plaintiffs' Complaint is for Blockbuster's violations of the Video Privacy Protect Act, as Plaintiffs also allege that Defendant Facebook "aided and abetted" Blockbuster's violations of the VPPA and "conspired" to violate the VPPA.[4]

On April 9, 2008, *four months prior to this lawsuit*, Intervenors filed their own national class action lawsuit centered on Blockbuster's violations of the VPPA which is currently on appeal to the United States Court of Appeals for the Fifth Circuit, as

---

[1] *See* doc. 1.
[2] 18 U.S.C. § 2721.
[3] 18 U.S.C. §2721(a)(4).
[4] *See* doc. 1, ¶¶ 90, 91; 122-127, 135-143 (alleging Facebook "aided and abetted" Blockbuster's violation of the VPPA); 143-148 (alleging Civil Conspiracy against Facebook for violation of the VPPA).

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

2

INTERVENORS' MOTION FOR INTERVENTION RE MOTION FOR APPROVAL OF SETTLEMENT

explained below.[5] That case is styled *Harris, et al. v. Blockbuster*, Case No. 3:09-cv-217, United States District Court for the Northern District of Texas ("the Texas Litigation").[6] The central allegations involved in the Texas Litigation are that Blockbuster, by participating in Facebook's "Beacon" program, improperly disclosed Intervenors' personal information relating to their video rental transactions to Facebook without their express written consent, given at the time of the disclosure.[7]

Given the significant overlap in issues involving Blockbuster's participation in Facebook's "Beacon" program, these two actions are clearly related. Local Rule 3-12 defines a related case as one in which "the actions concern substantially the same parties, property, *transaction or event*."[8] Furthermore, Local Rule 3-13 provides that a Notice of Pendency of Other Action or Proceeding is required whenever a "party knows or learns that an action filed or removed to this district involves all or a *material part* of the same subject matter and all or substantially all of the same parties as another action which is pending in any other federal or state court." Pursuant to Rule 3-13, there is no doubt that this action involves a "material part" of the same subject matter as the *Harris* case. Furthermore, this action involves all of the parties to the *Harris* case – namely Blockbuster. That this matter also names additional parties does not make these matters less related.

Yet, the Parties maintain that because this action has more parties than the *Harris* case, they were under no obligation to bring this to the attention to the Court.[9] Instead, *all Parties in this action* filed and signed a Joint Stipulation and [Proposed] Order Re Open

---

[5] *See* Wilson Affidavit (Exhibit 1), Exhibit B. The Texas Litigation is currently stayed pending review by the United States Court of Appeals of the District Court's Order Denying Blockbuster's Motion to Compel Arbitration. *See* Wilson Affidavit, Exhibit A (doc. 32).

[6] *See* Wilson Affidavit, Exhibit A (The attached Complaint was filed with the Eastern District of Texas electronically on April 9, 2008, (Cause No. 2:08-00155-DF) but was subsequently transferred to the Northern District of Texas, at Blockbuster's request on December 17, 2008.); *See* Wilson Affidavit, Exhibit A (doc. 30).

[7] *See id.*

[8] *See* Local Rule 3-12 (emphasis added).

[9] *See* Wilson Affidavit, Exhibits C & D. Proposed Intervenors brought this matter to the attention of Plaintiffs, Facebook, and Blockbuster and provided each an opportunity to re-evaluate the necessity of filing a Notice of Pendency of Other Action of Proceeding. Each refused.

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

3

INTERVENORS' MOTION FOR INTERVENTION RE MOTION FOR APPROVAL OF SETTLEMENT

Extension of Time to Respond to Complaint.[10] That document, filed October 10, 2008, (over six months after Intervenors initiated the Blockbuster Litigation and after Blockbuster had filed an Answer in Blockbuster Litigation), simply states that

> "[a]ll parties stipulate that no non-Facebook defendant will respond to the complaint in any *subsequently-filed* related case prior to responding to the complaint in this matter and will promptly notify all parties of any *subsequently-filed related* case. Each non-Facebook defendant will meet and confer with Plaintiffs' counsel with respect to any notice of related cases if such non-Facebook defendant is served with a complaint."[11]

No mention is made by any party that Blockbuster had already filed an Answer in just such a related case – the Texas Litigation.

It is regrettable that the Parties chose not to alert the Court to the existence of the Texas Litigation when this case was first filed. Significant progress, of tremendous benefit to Intervenors' propose class, has been accomplished in the Texas Litigation. Specifically, Blockbuster moved to transfer the matter to the Northern District of Texas and moved to compel arbitration. After significant briefing on the arbitration issue in both the Eastern and Northern District of Texas, the District Court agreed that Blockbuster's arbitration agreement is unenforceable and that Plaintiffs' claims should proceed in federal court.[12] That issue is currently on appeal to the United States Court of Appeals for the Fifth Circuit and Blockbuster has filed its initial Appellant's Brief.[13] That District Court ruling clears a significant hurdle for Intervenors' proposed putative class to proceed to seek judicial relief for Blockbuster's clear violations of the VPPA.

On September 18, 2009, however, Plaintiffs in this action, again without notifying the Court of the pendency of the Texas Litigation, presented a Motion for Preliminary Approval of Class Action Settlement Agreement[14] which seeks to release all of the claims of Intervenors (and the class they seek to represent) in the Texas Litigation.[15] Apparently

---

[10] *See* doc. 19.
[11] *See id.* (emphasis added).
[12] *See* Wilson Affidavit, Exhibit E.
[13] *See* Wilson Affidavit, Exhibit A (doc. 38-40).
[14] *See* document 38.
[15] *See* doc. 38.

Facebook, in exchange for a full release of not only itself, but all Defendants in this litigation, has agreed to pay $9,500,000 for a privacy foundation and agreed to not oppose an attorneys' fee application of $3,166,000.[16]

Although Blockbuster is not technically a signatory to the Settlement Agreement, it is nonetheless released from all liability for its violations of the VPPA.[17] The form of the agreement, however, is a thin veil for what is transpiring behind the scenes. The sequence of events clearly demonstrate that Facebook (with Blockbuster's tacit acquiescence if not active participation) is simply trying to achieve for Blockbuster what Blockbuster has consistently maintained in the Texas Litigation that it cannot do – resolve this dispute somewhere other than arbitration.

Blockbuster has been steadfast in its positions to Texas Court that "[a]ll claims, disputes, or controversies . . . will be referred to and determined by binding arbitration."[18] Blockbuster has also specifically maintained that this arbitration agreement is mutually binding, prohibiting Blockbuster from resolving its disputes in another forum as well as prohibiting Plaintiff from proceeding in the Texas Litigation.[19] Thus, Blockbuster seeks to compel arbitration in the Texas Litigation, while simultaneously effecting tacit approval of Facebook's use of a non-arbitral forum to deny Plaintiffs their right to monetary relief. The law does not allow such patently inconsistent positions.[20] For this reason, Blockbuster's and Facebook's failure to alert the

---

[16] *See* doc. 38.
[17] *See* doc. 38.
[18] *See* Wilson Affidavit, Exhibit F, page 3. ("But this argument is contradicted by the plain terms of the arbitration agreement, which applies to "*all* claims, disputes or controversies" within the agreement's scope, regardless of whether they are brought by Blockbuster or its members.").
[19] *See* Wilson Affidavit, Exhibit F, pages 3-4 (""[M]utual promises to submit all . . . disputes to arbitration," *such as this one*, "constitute[] sufficient consideration, because both parties [are] bound to the promises to arbitrate.") ("Ignoring the arbitration agreement's plain language, *which clearly binds both parties*, plaintiffs focus solely on the class-waiver provision in the agreement, arguing that it applies only to them and not to Blockbuster.").
[20] *See R.J. Griffin & Co. v. Beach Club II Homeowners Ass'n* 384 F.3d 157, 160 -161 (4th Cir. 2004)("The doctrine of equitable estoppel 'precludes a party from asserting rights he otherwise would have had against another when his own conduct renders assertion of those rights contrary to equity'. . . In the context of arbitration, the doctrine applies when one party attempts 'to hold [another party] to the terms of [an] agreement' while simultaneously trying to avoid the agreement's arbitration clause.")(citing *Hughes Masonry Co., Inc. v. Greater Clark County Sch. Bldg. Corp.*, 659 F.2d 836, 838 (7th Cir.1981)).

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

5

INTERVENORS' MOTION FOR INTERVENTION RE MOTION FOR APPROVAL OF SETTLEMENT

Court to the pendency of the Texas Litigation is particularly suspect.

No adversarial briefing has taken place in this litigation and the Court has not been called upon decide any motions. Instead, the parties appear to have spent their time negotiating ways for Facebook to resolve these claims on behalf of Blockbuster, while Blockbuster kept things tied up in the Texas action. Allowing the recipient of personal, federally protected information to indemnify Blockbuster, however, is contrary to public policy as an illegal indemnity agreement.[21] There are punitive elements to the $2,500 statutory liquidated damages available under the VPPA, and Facebook, as the recipient of illegally disclosed information, should not be allowed to circumvent Blockbuster's liability to the class, especially when doing so involves no monetary relief to the class and an agreement to not oppose up to $3,160,000 in attorneys fees.[22]

Thus, Intervenors file this Motion urging the Court carefully consider whether such an outcome is just under these circumstances. The reason that the Parties' failure to alert the Court to the existence of the Texas Litigation is so important is that the Court should have had an opportunity to determine "whether transfer should be effected pursuant to 28 U.S.C. 1407 (Multi District Litigation Procedures) or whether other coordination might avoid conflicts, conserve resources and promote an efficient determination of the action."[23] As the first-filed case, deference should have been given to the Texas Court to resolve this dispute, and Plaintiffs action should have been transferred to the United States District Court for the Northern District of Texas.[24] "The

---

[21] *See, e.g., U.S. v. J & D Enterprises of Duluth,* 955 F. Supp. 1153 (D.Minn.,1997) ("public policy is not served by permitting transfer of responsibility for payment of punitive damages to another, as purpose of punitive damages is lost when such damages are paid by another on defendant's behalf."); *Symons v. Mueller Co.* 526 F.2d 13, 17 (10th Cir. 1975) ("It is well established that where joint tortfeasors are in pari delicto-where each is chargeable with active or affirmative negligence contributing to the injury-neither is entitled to indemnity from the other");

[22] Due to time constraints, Intervenors have not presented a full outline of the various other reasons why this Settlement Agreement should not be even preliminarily approved and why conditional certification of a settlement class is improper under these circumstances. Intervenors respectfully request an opportunity to fully brief this issue to the Court and ask that the Court enter an appropriate briefing schedule on this issue.

[23] *See* Local Rule 3-13.

[24] *Intersearch Worldwide, Ltd. v. Intersearch Group, Inc.* 544 F.Supp.2d 949, 57 (N.D.Cal.,2008)("Absent an exception to the first-to-file rule, a court of second-filing will defer to a court of first-filing, if the two matters before them exhibit chronology, identity of parties, and similarity of issues")("Thus, it *"works most*

first-to-file rule was developed to "serve[ ] the purpose of promoting efficiency well and should not be disregarded lightly."[25] The rule rests on principles of comity and sound judicial administration.[26] "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." [27] Once this Court recognizes the overlap between the two actions, the Court should defer to the first filed Court to determine whether to proceed with the action.[28][29]

These two lawsuits clearly revolve around the same common nucleus of operative facts and derive from the same series of transactions. As such they should be consolidated. In fact, in conjunction with the Motion, Intervenors are filing their own claims against Facebook in the Northern District of Texas and are moving to consolidate those claims into their Texas Litigation against Blockbuster.[30] Because the District Court in Texas first obtained jurisdiction over the subject matter of this case, it should be allowed to proceed in resolving this dispute.[31]

---

*efficiently where previously-filed litigation is brought promptly to the attention of the district court*, and the court defers." . . . In such a case, a court may stay, transfer, or dismiss an action.")(emphasis added) (citing *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622 (9th Cir.1991)); *See First City Nat. Bank and Trust Co. v. Simmons* 878 F.2d 76, 79 (2d Cir. 1989)("w]here there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience ... or ... special circumstances ... giving priority to the second."); *Cardoza v. T-Mobile USA Inc.* 2009 WL 723843, 2 (N.D. Cal.) (N.D. Cal., 2009).

[25] *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622 (9th Cir. 1991).

[26] *Church of Scientology of Cal. v. U.S. Dept. of Army*, 611 F.2d 738, 749 (9th Cir.1979)("The purpose of the comity principle is of paramount importance. The doctrine is designed to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments."); *See Save Power*, 121 F.3d at 950; *West Gulf*, 751 F.2d at 728.

[27] *West Gulf*, 751 F.2d at 729.

[28] *See Bashiri v. Sadler* 2008 WL 2561910, 1 (D. Ariz.) (D.Ariz.,2008)("If the first-to-file rule does apply to a suit, the court in which the second suit was filed may transfer, stay or dismiss the proceeding in order to allow the court in which the first suit was filed to decide whether to try the case."); *See e.g., Pacesetter Systems, Inc. v. Medtronic, Inc.* 678 F.2d 93, 96 (9th Cir. 1982)(" However, normally the *forum non conveniens* argument should be addressed to the court in the first-filed action. Apprehension that the first court would fail to appropriately consider the convenience of the parties and the witnesses should not be a matter for our consideration.

[29] Plaintiffs can hardly complain of this procedure, as co-counsel for Plaintiffs practices in the Northern District of Texas, and 15 of the 19 named Plaintiffs reside in the Northern District of Texas.

[30] Intervenors note that the statute of limitations has not yet run on their claims against Facebook and, given the close relationship between their claims against Facebook and their claims against Blockbuster, there is no reason to believe that their case against Facebook will not be consolidated into the Texas Litigation.

[31] *Intersearch Worldwide, Ltd. v. Intersearch Group, Inc.* 544 F.Supp.2d 949, 57 (N.D.Cal.,2008)("The Court need not examine defendant's initial complaint. *Ward v. Follett Corp.*, 158 F.R.D. 645, 648-49

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

7

INTERVENORS' MOTION FOR INTERVENTION RE MOTION FOR APPROVAL OF SETTLEMENT

Therefore, Intervenors file this Motion for Limited Intervention seeking the following relief: 1) an order compelling the Parties to file a Notice of Pendency of Other Action or Proceeding; 2) a stay of Plaintiffs' Motion for Approval of Class Action Settlement Agreement (doc. 38) (currently set for hearing October 14, 2009, at 9:30)[32] until the Court can review full briefing of the overlap between these two actions and whether they are, in fact, related and should be transferred to the first-filed court; 3) a stay of this action and transfer to the District Court for the Northern District of Texas for determination as to whether, as the first-filed Court, it should be the Court to oversee this dispute to resolution; 4) a briefing schedule prior to consideration of Plaintiffs Motion for Preliminary Approval of Class Action Settlement Agreement (doc. 38), allowing Intervenors to object that the terms of the settlement are not fair, adequate, or reasonable, are contrary to public policy, and that this class should not be conditionally certified as it does not meet the requirements of Federal Rule of Civil Procedure 23; 5) an Order allowing Intervenors to review to the discovery taken in this case and allowing them to take their own discovery to ascertain whether the extent of Blockbuster's liability has been fully explored and to present informed arguments as to the topics listed in 4) above.

Numerous courts have recognized Intervenors' right to participate in a lawsuit in this situation in order to protect their rights and to preserve appellate arguments.[33] Rule

---

(N.D.Cal.1994). Although the critical focus in a first-to-file analysis is on when a court first acquired jurisdiction, for determining similarity, a court should examine the most recent complaint, as long as any amendments could have been included in an initial complaint. . . . ."); *See id.* n.6 ("The Court also notes exact identity is not required to satisfy the first-to-file rule. The rule is satisfied if some the parties in one matter are also in the other matter, regardless of whether there are additional unmatched parties in one or both matters."); *See id.* at ("'[a] federal action is commenced by the filing of the complaint, not by service of process. . . . It is thus the filing of actions in coordinate jurisdictions that invokes considerations of comity."); *Schering Corp. v. Amgen Inc.*, 969 F. Supp. 258, 265-68 (D. Del.1997) (in a first-to-file analysis, the focus is on the subject-matter jurisdiction, not the parties' status or presence)) ("Thus, for purposes of analyzing chronology, it is irrelevant when or how defendant added parties to the New York Action. All this Court is concerned with is whether the Southern District had the matter before it first, which in this case, it did.").

[32] Intervenors also ask for permission to appear at the October 14, 2009, conference to discuss the relief contained herein.

[33] *Crawford v. Equifax Payment Services, Inc.*, 201 F.3d 877, 881 (7th Cir. 2000)("So in the end, it does not matter whether intervention would come under F.R.C.P. 24(a) or (b), or what the standard of appellate review may be; the magistrate judge's order cannot survive even the most deferential kind of review.")

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

8

INTERVENORS' MOTION FOR INTERVENTION RE MOTION FOR APPROVAL OF SETTLEMENT

24 provides two methods of seeking intervention: by right or by permission.[34] Intervenors seek both. There are essentially four requirements for intervention as a matter of right: 1) the applicant must have an "interest" in the property or transaction which is the subject of the action; 2) disposition of the action as a practical matter may impede or impair the applicant's ability to protect that interest; 3) the application is timely; and 4) no existing party adequately represents the applicant's interest.[35] Intervenors meet each of these requirements.

<u>First</u>, Intervenors, and their proposed class, have their own causes of action against Blockbuster and are seeking to assert claims against Facebook. If Facebook is successful, it will resolve all claims that Intervenors, and their proposed class, have against Blockbuster and Facebook. <u>Second</u>, as discussed above, Intervenors' ability to pursue their own class action against Defendants will essentially be barred if they are denied intervention and the proposed settlement is approved. Thus, Intervenors will be denied the ability to protect their interest, and their proposed class's interests should intervention be denied. <u>Third</u>, Intervenors' application is timely, as Plaintiffs only filed their Motion for Approval of Class Action settlement on September 18, 2009, and the Court has not yet taken any action on the proposal for class certification and settlement approval. This Motion was the first notice that Intervenors had that the parties in this action sought to impede their rights to proceed in the Texas Litigation. It was also their first notice that Facebook was attempting to indemnify Blockbuster for its violations of the VPPA.

<u>Finally</u>, the class representatives are simply not adequately representing Intervenors' interest. The United States Supreme Court has held that inadequacy of representation is a minimal requirement and a proposed intervener need only show that a named plaintiff "may not" represent their interests.[36] This test is easily met in this case.

---

[34] See Fed. R. Civ. 24.
[35] See id.
[36] *Trbovich v. United Mine Workers of America*, 404 U.S. 528, 538 n.10 (1972) ("The requirement of the Rule is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal.").

Under the terms of the settlement agreement, Defendants agree only to injunctive relief by way of the creation of a privacy foundation and the named Plaintiffs receive incentive awards, some as high as $15,000. But the named representatives are willing to forego all statutory and punitive damages on behalf of the class. Under these circumstances, the Court cannot presume that the class representatives represent Intervenors' interests and Intervenors have met this requirement.[37]

For these reasons, Intervenors assert that they meet all of the requirements for intervention as a matter of right and ask that the Court grant their Motion.

Even if the Court concludes that Intervenors have no right to intervene, there can be little doubt that permissive intervention is appropriate. Intervenors stand to lose substantial rights should the proposed class be certified and the settlement agreement approved. For these reasons, Intervenors submit that they should be allowed to intervene for the purpose of protecting those rights.

## CONCLUSION

For the foregoing reasons, Intervenors request that the Court grant their Motion and allow them the right to intervene for the limited purposes outlined above.

Respectfully submitted,

BRYDON, HUGO & PARKER

Dated: October 2, 2009      By: _____
George Otstott
Thomas J. Moses
Attorneys for Intervenors
CATHERINE HARRIS, MARIO HERRERA, and
MARYAM HOSSEINY

---

[37] *McCausland v. Shareholders Management Co.* 52 F.R.D. 521, 522-523 (S.D.N.Y.1971)("'A class member who claims that his 'representative' does not adequately represent him, and is able to establish that proposition with sufficient probability, should not be put to the risk of having a judgment entered in the action which by its terms extends to him, and be obliged to test the validity of the judgment as applied to his interest by a later collateral attack. *Rather he should, as a general rule, be entitled to intervene in the action.*'") (emphasis added).

**CERTIFICATE OF CONFERENCE**

I certify that Intervenors have attempted to confer with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion. Specifically, Intervenors have conferred with counsel for Plaintiffs, Facebook, Blockbuster, Zappo.com, Fandango, Hotwire, Inc. and Overstock.com. All are opposed to the relief sought herein. Intervenors have attempted to reach counsel for the remaining Defendants and have left voicemail messages, but have been unsuccessful in reaching them.

Dated: October 2, 2009

_____
George A. Otstott

Brydon
Hugo & Parker
135 Main Street
20TH Floor
San Francisco, CA 94105

11

INTERVENORS' MOTION FOR INTERVENTION RE MOTION FOR APPROVAL OF SETTLEMENT

**CERTIFICATE OF SERVICE**
U.S.D.C. Northern District of California Case No. 5:08-cv-03845-RS
*Harold Gerecke, et al. vs. Allis-Chalmers Corporation Product Liability Trust, et al..*

I am a resident of the State of California, over the age of 18 years, and not a party to the within action. My electronic notification address is service@bhplaw.com and my business address is 135 Main Street, 20th Floor, San Francisco, California 94105. On October 2, 2009 I served the following:

INTERVENORS' NOTICE OF MOTION AND MOTION FOR LIMITED INTERVENTION AND TO STAY CONSIDERATION OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT

and

AFFIDAVIT OF JEREMY R. WILSON

on all parties via the Central District Court CM/ECF service list.

I declare under penalty of perjury that the above is true and correct. Executed on October 2, 2009, at San Francisco, California.

*/s/ Wanda D. Claudio*
Wanda D. Claudio

BRYDON
LAW GROUP
425 CALIFORNIA STREET
SUITE 1400
San Francisco, CA 94104