*E-Filed 10/23/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SEAN LANE, et al., | No. C 08-3845  RS |
| Plaintiffs, | **PRELIMINARY APPROVAL AND NOTICE ORDER** |
| v. | |
| FACEBOOK, INC., et al, | |
| Defendants. | |

On October 14, 2009, the Court heard plaintiffs' motion for preliminary approval of the proposed settlement agreement dated September17, 2009 ("Settlement Agreement") in the above-captioned action ("Litigation").  The Settlement Agreement and the Exhibits annexed thereto set forth the terms and conditions of a proposed settlement of the Litigation whereby, upon final approval of the Court the Litigation will be dismissed with prejudice ("Settlement"). Having fully considered the written and oral arguments and authorities presented by counsel and having read and considered the Settlement Agreement and the Exhibits annexed thereto, the Court finds that preliminary approval is appropriate.  The parties are advised that when seeking final approval, they should be prepared to establish that the requirements for unconditional certification of the class have been met, specifically with respect to the question of whether there is sufficient "typicality" as between members of the class who may have claims under the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710, and those who do not.  Similarly, final

1 approval will require a sufficient showing that the terms of the settlement are reasonable,
2 specifically in light of the claims under the VPPA, and the apparent availability of statutory
3 penalties thereunder in some circumstances.
4    NOW, THEREFORE IT IS HEREBY ORDERED THAT:
5    The Court grants preliminary approval of the Settlement Agreement and the proposed
6 Settlement set forth herein, subject to further consideration at the Settlement Hearing described
7 below.  All defined terms contained herein shall have the same meanings as set forth in the
8 Settlement Agreement.
9    The Court grants a stay of all proceedings in the Litigation until the Court renders a final
10 decision on approval of the Settlement.
11    Solely for the purposes of the Settlement Agreement and the proposed Settlement, the
12 Court certifies the following Class:

> All Facebook members who, during the period of November 6, 2007 to the date this Order is entered, engaged in one or more activities on a website of any company, corporation, business enterprise, or other person that entered into an agreement with Facebook with respect to the Beacon functionality, which triggered Beacon, the program launched by Facebook on November 6, 2007 and all iterations thereof bearing the "Beacon" name.

18 Excluded from the Class are any judicial officer to whom this Litigation is assigned; Facebook
19 and any of its affiliates; any current or former employees, officers, or directors of Facebook; any
20 persons presently residing outside of the United States; and all Persons who timely and validly
21 request exclusion from the Class pursuant to the Notice disseminated in the accordance with the
22 this Order.
23    Solely for the purposes of the Settlement Agreement and the proposed Settlement this
24 Court finds and concludes that the Class is ascertainable and that there is a well-defined
25 community of interest in the questions of law and fact involved affecting the Class Members.
26 The Court finds and concludes that (a) the Persons who are part of the Class are so numerous that
27 joinder of all such Persons is impracticable; (b) there are questions of law or fact common to the
28

1  Class that predominate over any individual questions; (c) the claims of the Representative
2  Plaintiffs are typical of those of the Class; (d) in negotiating and entering into the Agreement, the
3  Representative Plaintiffs and their counsel have fairly and adequately represented and protected
4  the interests of all Persons who are part of the Class; and (e) a class action is superior to other
5  available methods for the fair and efficient adjudication of the controversy, considering (i) the
6  interests of the Persons who are part of the Class individually controlling the prosecution of
7  separate actions; (ii) the extent and nature of any litigation concerning the controversy already
8  commenced by Persons who are part of the Class; (iii) the desirability or undesirability of
9  concentrating litigation of the claims in this particular forum; and (iv) the difficulties likely to be
10 encountered in the management of the Litigation as a class action.

11       To act on behalf of the Class in connection with the Agreement and proposed Settlement,
12 the Court appoints Representative Plaintiffs Sean Lane, Mohannaed Sheikha, Sean Martin, Ali
13 Sammour, Mohammaed Zidan, Sara Karrow, Colby Henson, Denton Hunker, Firas Sheikha,
14 Hassen Sheikha, Linda Stewart, Tina Tran, Matthew Smith, Erica Parnell, John Conway, Austin
15 Muhs, Phillip Huerta, Alicia Hunker, and M.H., a minor, by and through her parent Rebecca
16 Holey as representatives of the Class and their counsel of record, Scott A. Kamber and David A.
17 Stampley of KamberEdelson, LLC and Joseph H. Malley of the Law Office of Joseph H. Malley,
18 P.C., as class counsel.

19       Within twenty (20) days of the date of this Order, Facebook shall pay to Rosenthal &
20 Company, third party class action administrator, the sum of $250,000 to be used to cover the
21 administrative and other incidental costs associated with responding to inquiries from Class
22 Members about this Settlement and the process by which this Settlement will be subject to
23 judicial approval.

24       If the Settlement Agreement is not approved by the Court or the Settlement is terminated
25 or fails to become effective in accordance with the terms of the Settlement Agreement, this
26 conditional class certification shall be vacated without further order of the Court and without

prejudice to the right of any party to seek or oppose class certification thereafter.  Otherwise, upon the Effective Date of the Settlement, this class certification shall become unconditional.

A hearing ("Settlement Hearing") shall be held before this Court on February 26, 2010 at 9:30 a.m. at the United States District Court for the Northern District of California, San Jose Division, 280 South 1st Street, San Jose, CA 95113, to determine whether the proposed Settlement, resolving and dismissing the Litigation on the terms and conditions provided for in the Settlement Agreement, is fair, reasonable, and adequate to the Class and should be approved by the Court; whether a Final Judgment and Order of Dismissal as provided in Exhibit 1 of the Settlement Agreement should be entered herein; and to determine the amount of fees and expenses that should be awarded to Class Counsel and the amount of the incentive award that shall be awarded to representatives of the Class.  The Court may adjourn the Settlement Hearing without further notice to Class Members.

The Parties have proposed that the Class be given notice of the proposed Settlement in the following manner:

    a.    As soon as reasonably practicable after the date of this Order, Facebook shall distribute the Court approved Notice or links to such Notice, in a form substantially similar to that attached hereto as Exhibit 2, via an internal Facebook message in the "Updates" section of the Inbox section of Facebook users' personal accounts targeting users whose PII was likely to have been transmitted to Facebook via Beacon, as determined by Facebook based on reasonable efforts; and

    b.    During the Notice Period, Facebook shall cause the Court-approved summary form of publication notice, in a form substantially similar to that attached hereto as Exhibit A (the "Publication Notice"), to be published in one daily issue of the national edition of *USA Today*.

    c.    Within ten (10) days of the filing of the Motion for the Entry of the Preliminary Approval and Notice Order with the Court, Facebook shall properly notify the

4

1 appropriate state and federal officials of this Settlement Agreement pursuant to the Class Action
2 Fairness Act of 2005, 28 U.S.C. § 1715.

3       The Court approves the form and content of the Notices, and finds that under the
4 circumstances, transmission of the Notice as proposed by the Parties meets the requirements of
5 Federal Rule of Civil Procedure 23 and due process, is the best notice practicable under the
6 circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

7       d.      At least seven (7) days prior to the Settlement Hearing, Facebook's
8 Counsel shall serve on Class Counsel and file with the Court proof, by affidavit or declaration,
9 that Facebook has fulfilled the requirements set forth in subsections (a) through (c) of this
10 section (9), above.

11       All Persons who fall within the Class definition and who do not timely and validly
12 exclude themselves from the Class shall be bound by all determinations and judgments in the
13 Litigation concerning the Settlement, whether favorable or unfavorable to the Class.

14       Persons who wish to exclude themselves from the Class shall request exclusion within
15 the time and the manner set forth in the Notice, such that the request is received on or before
16 February 1, 2010, to the Parties' counsel at the addresses listed in the Notice.  Unless the Court
17 orders otherwise, no request for exclusion shall be valid unless it is made within the time and the
18 manner set forth in the Notice. A request for exclusion must state: (a) the name, address, and
19 telephone number of the person requesting exclusion and, if applicable, on whose behalf such
20 exclusion is being requested, and (b) that the person wishes to be excluded from the Settlement
21 Class.  All persons who submit valid and timely requests for exclusion in the manner set forth in
22 this paragraph shall have no rights under and shall not share in the settlement relief, and shall not
23 be bound by any Order finally disposing of this matter.

24       Any Class Member may enter an appearance in the Litigation, at the Class Member's
25 own expense, individually or through counsel of the Class Member's choice.  Any Class Member
26 who does not enter an appearance will be represented by Class Counsel.  Pending final
27 determination of whether the Settlement should be approved, neither the Representative
28

1  Plaintiffs nor any Class Member, either directly, representatively, or in any other capacity, shall
2  commence or prosecute against any of the Protected Persons, any action or proceeding in any
3  court or tribunal asserting any of the Released Claims.

4  Any Class Member may appear and show cause why the proposed Settlement should or
5  should not be approved as fair, reasonable, and adequate; or why a Judgment should or should
6  not be entered thereon; or why attorneys' fees and expenses should or should not be awarded to
7  Class Counsel; provided, however, that no Class Member or any other Person shall be heard on
8  or entitled to contest the Court's decision on any of the foregoing matters unless that Person has
9  (a) no later than February 1, 2010, filed written objections and any supporting papers and briefs
10 with the Clerk of the United States District Court for the Northern District of California, 280
11 South 1st Street, San Jose, CA 95113; and (b) mailed or delivered copies of such objections,
12 papers, and briefs, such that they are received no later than February 6, 2010, to the Parties'
13 counsel at the addresses listed in the Notice.

14 Unless otherwise ordered by the Court, any Class Member who does not make his, her, or
15 its objection in the manner provided shall be deemed to have waived such objection and shall
16 forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of
17 the proposed Settlement, or to any award of attorneys' fees and expenses to Class Counsel.

18 The Settlement Fund shall be kept under the control and possession of Facebook but
19 within twenty (20) days of this Order, the Settlement Fund shall be deposited into a separate
20 bank account specifically established by Facebook for purposes of this Settlement.

21 All papers in support of the Settlement shall be filed and served by February 10, 2010.
22 The Parties may respond to any objection to the Settlement, provided that such response is filed
23 and served no later than February 14, 2010.

24 Any application for attorneys' fees or reimbursement of expenses made by Class Counsel
25 shall be considered separately from the fairness, reasonableness, and adequacy of the Settlement.
26 The application by Class Counsel for attorneys' fees and/or reimbursement of expenses shall be
27 filed and served by February 10, 2010, with any response to be filed and served no later than
28

6

February 14, 2010. The application will be heard at the same time and place as the Settlement Hearing.

All reasonable costs incurred in giving notice to Class Members and administering the Settlement shall be borne and paid as set forth in the Settlement Agreement.

Neither the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings in connection therewith, shall be construed as an admission or concession by Facebook of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Class Members, and retains jurisdiction to consider all further applications arising out of or in connection with the proposed Settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

If the Settlement is not approved or consummated for any reason whatsoever, the Settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Parties status quo ante.

IT IS SO ORDERED.

Dated: October 23, 2009

_____
RICHARD SEEBORG
UNITED STATES MAGISTRATE JUDGE