

2010 FEB -1 P 1:22

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N.D. OF CA. SAN JOSE

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

SEAN LANE et al.,

Plaintiffs

vs.

FACEBOOK, INC., et al.,

Defendants

Case No. 08-cv-3845 RS

**CLASS ACTION**

**CLASS MEMBERS, PATRICIA BURLESON'S OBJECTION TO THE COURT APPROVING THE SETTLEMENT AND ATTORNEYS' FEES GREATER THAN $2 Million**

## I. INTRODUCTION

This is a class action lawsuit filed against Facebook, Inc., Blockbuster, Inc., Fandango, Inc., Hotwire, Inc., Sta Travel, Inc., Overstock.Com, Inc. and Zappos.Com, Inc. based on Facebook's Beacon program which gathered information of the website's users and transmitted it to Facebook for publication.

Patricia Burleson is a Facebook member having signed up on the Facebook website as a user. Patricia Burleson files this Objection to the Court Approving the Settlement and attorneys' fees greater than $2 million.

## II. FACTS

This lawsuit was filed as a class action against Facebook, Inc. and the other defendants based on the Beacon Program on August 12, 2008. Immediately the parties began to discuss a possible resolution of the lawsuit. Accordingly, the parties decided to conduct a mediation to

help resolve this matter. On December 9, 2008, the parties reached an agreement in principle for the resolution of the claims.

The Settlement provides for Facebook to establish a Settlement Fund in the amount of $9.5 million. Facebook is required to establish a non-profit foundation named the "Privacy Foundation" as part of the Settlement. The charter and bylaws of the Privacy Foundation shall be to fund and sponsor programs designed to educate users, regulators and enterprises regarding critical issues relating to protection of identity and personal information online through user control and to protect users from online threats. The Privacy Foundation shall be prohibited from directly or indirectly sponsoring litigation except to defend its resources. The Privacy Foundation shall have three directors which will be chosen by mutual agreement of the parties through their respective counsel. Also, the Privacy Foundation shall have a two member "Board of Legal Advisors" who shall offer nonbinding legal advice. The initial Board of Legal Advisors shall be Michael Rhodes, Esquire, attorney for Facebook in this matter and Scott A. Kamber, Esquire, attorney for the class in this matter.

The Settlement also required for the Beacon program to be terminated by Facebook which was done according to the Settlement Agreement.

## II. ARGUMENT

### A. THIS HONORABLE COURT SHOULD NOT APPROVE THE SETTLEMENT DUE TO THE PRIVACY FOUNDATION

This Settlement does not provide any monetary compensation to the class. The only proposed benefit that the class receives is the formation of the Privacy Foundation. The formation of the Privacy Foundation basically amounts to the Settlement providing injunctive relief for the Class which is illusory at best. As a result this Honorable Court should not approve

this Settlement.

The only proposed benefit from this Settlement by the creation of the non-profit Privacy Foundation. There are certain provisions of the Privacy Foundation which cannot be approved by this Honorable Court. Scott A. Kamber, Esquire is supposed to be one of the two legal advisors to the Privacy Foundation. Mr. Kamber is an attorney who specializes in litigation involving class actions. He does not have any legal experience in representing non-profit organizations. Moreover, he does not have any expertise in the area of privacy.

There is a requirement that Privacy Foundation not involve itself with litigation. The whole purpose of the Privacy Foundation should be to promote and protect peoples' personal identities. If the Privacy Foundation is not permitted to commence lawsuits to protect individuals' rights the organization would be hampered to fulfill its purpose.

**B. THIS HONORABLE COURT SHOULD NOT APPROVE ATTORNEYS' FEES IN EXCESS OF $2 MILLION**

The Ninth Circuit set forth how the District Courts should be guided in, *In Re Wash. Pub. Power Supply Sys. Sec. Litigation*, 19 F.3d 1291 (9th Cir. 1994), the Ninth Circuit held that when determining attorneys' fees, the district court should be guided by the fundamental principle that fee awards out of common funds be reasonable under the circumstances. Id. at 1296. Moreover, the Ninth Circuit has established that twenty five percent (25%) of the Settlement Fund as the benchmark for awarding attorneys' fees, however, the guiding principle remains that the fee award be reasonable under the circumstances. *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268 (9th Cir. 1989). The Ninth Circuit has granted a district court with the discretion to award fees in common fund cases based on either the lodestar/multiplier method or the percentage of the fund method. *Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000) and *Wash. Pub. Power*.

*Supply Sys.*, Id. At 1296.

**1. A $2 Million Attorneys' Fee Would Be Reasonable In This Matter**

The district court should award a reasonable fee under the circumstances of the Settlement in light of the 25% benchmark. Granting the plaintiffs' attorneys a fee in the amount of $2 million would be a reasonable fee due to the adequate result associated with representing the class on a contingency fee basis along with the high hourly rates incorporated in the lodestar. The $2 million fee would be in line with the Ninth Circuit requirement that the fee be reasonable under the circumstances.

Based on the total amount of the Settlement on behalf of the class and the relative ease in obtaining the settlement, this Honorable Court should limit the attorneys' fees to $2 million. Objector Burleson does not have the total lodestar of the plaintiffs' attorneys in this matter. However, the litigation was not that involved and basically settled immediately after the complaint was filed, thus the counsel for plaintiffs legitimate lodestar is most likely less than $750,000.00. Counsel will provide the total hours to the court before the Settlement Hearing. Careful scrutiny by the court will demonstrate that the true lodestar of the attorneys in this matter was substantially less than the $2 million fee that Objector Burleson argues would concede is fair in this case.

**2. The Attorneys Took Hardly Any Risk In Litigating This Matter**

In this matter of Facebook before this Honorable Court, there was little risk for plaintiffs' counsel in litigating this case. The allegations in the complaint were that Facebook was purposefully obtaining the users information and providing it to the public. Facebook realized

that the Beacon software program was improper which explains why Facebook and the other defendants agreed to settle this lawsuit so quickly. Offering proof that defendants' actions were improper was an easy task for the attorneys representing the class. Thus, it was extremely likely that plaintiffs counsel would have been successful in this litigation and been compensated for their time.

## IV. CONCLUSION

For all of the reasons set forth herein and in the testimony at the hearing, Objector Burleson respectfully submits that this Honorable Court should not approve the settlement and in the alternative approve attorneys' fees in excess of $2 million

Respectfully submitted,

Dated: January 30, 2010

/s/ Patricia Burleson
PATRICIA BURLESON
4165 Old Dowlen Road, #75
Beaumont, TX 77706
(409) 860-9000

that the Beacon software program was improper which explains why Facebook and the other defendants agreed to settle this lawsuit so quickly. Offering proof that defendants' actions were improper was an easy task for the attorneys representing the class. Thus, it was extremely likely that plaintiffs counsel would have been successful in this litigation and been compensated for their time.

## IV. CONCLUSION

For all of the reasons set forth herein and in the testimony at the hearing, Objector Burleson respectfully submits that this Honorable Court should not approve the settlement and in the alternative approve attorneys' fees in excess of $2 million

Respectfully submitted,

Dated: January 30, 2010

Patricia Burleson

PATRICIA BURLESON
4165 Old Dowlen Road, #75
Beaumont, TX 77706
(409) 860-9000

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing notice of objection has been forwarded to the following parties on this day by first class mail unless otherwise indicated:

Clerk of the USDC (by hand delivery)
Northern District of CA
San Jose Division
280 South First Street
San Jose, CA 95113
(408) 535-5118

Scott A. Kamber, Esq.
Kamber Edelson
11 Broadway, 22nd Floor
New York, NY 10004

Counsel for Plaintiffs

Michael Rhodes, Esq.
Cooley, Godward Kronish
4401 Eastgate Mall
San Diego, CA 92121

Counsel for Defendants

SIGNED AND DONE this 1st day of February, 2010.

Patricia Burleson
Patricia Burleson