1  Scott A. Kamber (*pro hac vice*)
   skamber@kamberlaw.com
2  David A. Stampley (*pro hac vice*)
   dstampley@kamberlaw.com
3  KamberLaw, LLC
4  11 Broadway, 22nd Floor.
   New York, NY. 10004
5  Telephone: (212) 920-3072
   Facsimile: (212) 202-6364
6
7  David Parisi (SBN 162248)
   *dparisi@parisihavens.com*
8  Suzanne Havens Beckman (SBN 188814)
   *shavens@parisihavens.com*
9  Parisi & Havens LLP
   15233 Valleyheart Drive
10 Sherman Oaks, California 91403
11 Telephone: (818) 990-1299
   Facsimile: (818) 501-7852
12
13 Attorneys for Plaintiffs
   (Additional attorneys listed on signature page)

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SEAN LANE, *et al.*,<br><br>    Plaintiffs<br><br>v.<br><br>FACEBOOK, INC., *et al.*,<br><br>    Defendants. | **No. C 08-3845 RS**<br><br>[Assigned to the Hon. Richard Seeborg]<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND EXPENSES**<br><br>Judge:  The Hon. Richard Seeborg<br>Date:   February 26, 2010<br>Time:   9:30 a.m.<br>Location: Courtroom 8<br>     280 South First Street<br>     San Jose, California 95113 |

# NOTICE OF MOTION

NOTICE IS HEREBY GIVEN that Plaintiffs will move the Court, pursuant to Federal Rule of Civil Procedure 23(e), for an award of attorneys' fees and expenses on February 26, 2010, at 9:30 a.m., or as soon thereafter as counsel may be heard by the above-entitled Court, located at 280 South First Street, San Jose, California 95113, in Courtroom 8, before the Honorable Richard Seeborg.

The Motion is based on this Notice of Motion; the accompanying Brief in Support of the Motion, the authorities cited therein, and the exhibits attached thereto; oral argument of counsel; and any other matter that may be submitted at the hearing.

Dated: February 10, 2010

KAMBERLAW, LLC
THE LAW OFFICE OF JOSEPH H. MALLEY
PARISI & HAVENS LLP

By:  _____
SCOTT A. KAMBER
One of the Attorneys for Plaintiffs, individually and on behalf of a Class of similarly situated individuals

# TABLE OF CONTENTS

I. NATURE OF THE LITIGATION ..................................................................................... 1

II. The AGREED-UPON ATTORNEYS' FEES and EXPENSES ARE REASONABLE ...... 2

    A. California Law Governs Calculation of Plaintiffs' Attorneys' Fees ....................... 2

    B. Lodestar Method Calculation Shows Reasonableness of Plaintiffs' Request ......... 3

        1. Class Counsel Reasonably Incurred a Lodestar of Over $1.16 million. ...... 3

        2. Harris Counsel Incurred a Lodestar of $827,235 ...................................... 4

    C. Percentage-of-Fund Calculation Confirms Reasonableness of Plaintiffs' Fee Request ....................................................................................................................... 7

    D. Plaintiffs' Request for Reimbursement of Extended Costs is Reasonable .............. 8

III. CONCLUSION ................................................................................................................ 10

# TABLE OF AUTHORITIES

## United States Supreme Court Cases

*Blum v. Stenson*, 465 U.S. 886 (1984) ..................................................................................8

*Hensley v. Eckerhart*, 461 U.S. 424 (1983) ........................................................................2, 3

## United States Circuit Court of Appeals Cases

*Bracher v. Bray-Doyle Indep. Sch. Dist.*, 8 F.3d 722 (10th Cir. 1993) ...........................................9

*Champion Produce, Inc. v. Ruby Robinson Co. Inc.*, 342 F.3d 1016 (9th Cir. 2003) ......................2

*Friend v. Kolodzieczak*, 72 F.3d 1386 (9th Cir. 1995) ...........................................................3

*Harris v. Marhoefer*, 24 F.3d 16 (9th Cir. 1994) ....................................................................9

*In re Mego Fin. Corp. Sec. Litig.*, 213 F. 3d 454 (9th Cir. 2000) .............................................6

*In re U.S. Bancorp Litig.,* 291 F. 3d 1035 (8th Cir. 2002) ......................................................8

*Ketchum v. Moses*, 24 Cal.4th 1122 (2001) ...........................................................................6

*Staton v. Boeing Co.*, 327 F.3d 938 (9th Cir. 2003) ...............................................................6

*Vizcaino v. Microsoft Corp.*, 290 F3d 1043 (9th Cir. 2002).........................................2, 3, 4, 6

*Wing v. Asarco Inc.*, 114 F.3d 986 (9th Cir. 1997) ................................................................3

## United States District Cases

*Hernandez v. Kovacevich*, 2005 WL 2435906 (E.D. Cal. 2005) .............................................8

*In re Immunex Sec. Litig.,* 864 F.Supp. 142 (W.D. Wash. 1994) ...........................................8

*In re Informix Corp. Sec. Litig.* No. 97-1289 (N.D.Ca.. 1999) ..............................................8

*In re M.D.C. Holdings Sec. Litig.*, Fed. Sec.L.Rep. (CCH) ¶95,474 (S.D.Cal. 1990) ....................8

*In re Media Vision Tech. Sec. Litig.*, 913 F.Supp. 1362 (N.D.Cal. 1996) ................................9

*In re Melridge, Inc. Sec. Litig.,* No. 87-1426 (D.Ore. 1992, 1993 and 1996) .........................8

*In re Nat'l Health Labs. Sec. Litig.*, Nos. 92-1949 & 93-1694 (S.D. Cal. 1995) ......................8

*Knight v. Red Door Salons, Inc.*, No. 08-01520 SC 2009 WL 248367 (N.D.Cal. Feb. 2, 2009)....6

*Razilov v. Nationwide Mut. Ins. Co.*, 2006 WL 3312024 (D.Or. 2006) .................................8

## California Supreme Court Cases

*Graham v. Daimler-Chrysler Corp., 34 Cal.4th 553 (2004)* ........................................................5

*Press v. Lucky Stores, Inc.*, 34 Cal.3d 311 (1983)..................................................................3

*Serrano v. Priest*, 20 Cal.3d 25 (1977) ..........................................................................................6

**<u>California Court of Appeals Cases</u>**

*Lealao v. Beneficial Cal., Inc.*, 82 Cal.App.4th 19 (1st Dist. 2000) ....................................2, 3, 5, 7

*San Bernardino Valley Audubon Soc'y v. San Bernardino*, 155 Cal.App.3d 738 (1984) ...............6

*Wershba v. Apple Computer, Inc.*, 91 Cal.App.4th 224 (2001). ......................................................6

## MEMORANDUM OF POINTS AND AUTHORITIES

This class action arose from Facebook's "Beacon" program that allegedly caused Facebook to obtain consumers' personal information regarding specific transactions at Beacon-affiliated companies without obtaining informed consent. Plaintiffs Sean Lane, Mohannaed Sheikha, Sean Martin, Ali Sammour, Mohammaed Zidan, Sara Karrow, Colby Henson, Denton Hunker, Firas Sheikha, Hassen Sheikha, Linda Stewart, Tina Tran, Matthew Smith, Erica Parnell, John Conway, Austin Muhs, Phillip Huerta, Alicia Hunker, and M.H., a minor, by and through her parent Rebecca Holey (collectively, "Plaintiffs" or the "Class Representatives"), on their own behalf and on behalf of the proposed settlement class (the "Class"), allege that Defendants Facebook, Inc. ("Facebook"), Blockbuster, Inc., Fandango, Inc., Hotwire, Inc., STA Travel, Inc., Overstock.com, Inc., Zappos.com, Inc., Gamefly, Inc. and Does 1-40 (collectively "Defendants") violated the Electronic Communications Privacy Act, 18 U.S.C. section 2510 (1986); the Computer Fraud and Abuse Act, 18 U.S.C. section 1030 (1986); the Video Privacy Protection Act, 18 U.S.C. section 2710 (1988); California's Consumer Legal Remedies Act, California Civil Code section 1750; and California's Computer Crime Law, Penal Code section 502. On October 23, 2009, this Court granted preliminary approval to the Class Action Settlement Agreement (the "Settlement Agreement") reached after lengthy negotiations and two mediation sessions with Antonio Piazza (Dkt 67 "Preliminary Approval and Notice Order").

Plaintiffs now request that this Court grant Class Counsel the agreed-upon request for attorneys' fees of $2,828,000 and further expense reimbursement in an amount of $42,210.58.

## I. NATURE OF THE LITIGATION

On August 12, 2008, following months of research and investigation, Plaintiffs filed a complaint captioned *Sean Lane, et al. v. Facebook, Inc., et al.*, No. 08-cv-03845, alleging claims for damages, injunctive and declaratory relief arising out of Defendants' failure to properly provide notice and obtain informed consent before acquiring and transmitting personal information from Beacon-affiliated websites to Facebook. (Dkt. 1.) Plaintiffs filed their Complaint, individually and on behalf of a class. The Complaint alleged causes of action for violations of the Electronic Communications Privacy Act, 18 U.S.C. section 2510 (1986); the Computer Fraud and

Abuse Act, 18 U.S.C. section 1030 (1986); the Video Privacy Protection Act, 18 U.S.C. section 2710 (1988); California's Consumer Legal Remedies Act, California Civil Code section 1750; California's Computer Crime Law, Penal Code section 502; and various common law torts.

There has been significant investigation and research, including consultation with experts, review of documents in connection with mediation and negotiations, site visit to Facebook with interviews of Facebook personnel and months of negotiations that included two mediation sessions with Antonio Piazza. Following an extended period of negotiation, Plaintiffs and Facebook were able to finalize and document the terms of a proposed Settlement for which they currently seek final approval from this Court. Kamber Decl. at ¶¶ 3-4.

By the terms of the Settlement Agreement, the total benefit of the settlement made available to the Class is $9.5 million, to fund a privacy foundation and to be used for costs including notice, settlement administration costs, and tax expenses related to the settlement, and no more than one-third ($3.135) million in Class Counsel's fees and expenses, as may be awarded by the Court. The details of the Settlement and the history of the litigation is set forth at length in the papers supporting Preliminary Approval of the Settlement (Dkt. No. 129) and Final Approval of Settlement. Here, plaintiffs seek fees and costs less than the maximum request permitted as part of the settlement agreement ($2.87 million versus $3.135 million). Kamber Decl. at ¶ 8.

## II. THE AGREED-UPON ATTORNEYS' FEES AND EXPENSES ARE REASONABLE

### A. California Law Governs Calculation of Plaintiffs' Attorneys' Fees

Although the Parties have agreed on the amount of attorneys' fees and expenses, the Court nonetheless has discretion over the amount to be awarded. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). *See also* Fed. R. Civ. Proc. 23e. In this matter, Plaintiffs' claims are governed by California state law, which therefore, also governs the methodology of calculating a fee award. *Champion Produce, Inc. v. Ruby Robinson Co. Inc.*, 342 F.3d 1016 (9th Cir. 2003) (affirming application of state law for the calculation of attorney's fees where underlying claims were based in state contract law); *see also Vizcaino v. Microsoft Corp.*, 290 F3d 1043, 1047 (9th Cir. 2002) ("Because Washington law governed the claim, it also governs the award of fees."). It is well established that in a class action governed by California law where "the responsibility to pay

attorneys' fees is statutorily or otherwise transferred from the prevailing plaintiff or class to the defendant, the primary method for establishing the amount of reasonable attorneys' fees is the lodestar method." *Lealao v. Beneficial Cal., Inc.*, 82 Cal.App.4th 19, 26 (1st Dist. 2000).[1] However, where, as here, the value to the settlement class can be quantified, a percentage-based fee analysis can be used to augment the lodestar rate to "ensure that the fee awarded is within the range of fees freely negotiated in the legal marketplace in comparable litigation." *Id.* at 50-51.

To demonstrate the validity of Plaintiffs' requested fee and cost reimbursement, Plaintiffs have provided an analysis of both the lodestar formula and the percentage-based analysis below.

**B.     Lodestar Method Calculation Shows Reasonableness of Plaintiffs' Request**

   *1.     Class Counsel Reasonably Incurred a Lodestar of Over $1.16 million.*

The lodestar figure, or "touchstone," is based on the total number of reasonable attorney hours expended multiplied by a reasonable hourly rate for each attorney involved in the litigation. *Lealao*, 82 Cal.App.4th. at 26; *Friend v. Kolodzieczak*, 72 F.3d 1386, 1389 (9th Cir. 1995). Absent extreme circumstances, Class counsel is entitled to be compensated for "all hours reasonably expended." *Hensley*, 461 U.S. at 431 (1983). It is proper to calculate attorneys' fees at prevailing rates to compensate for delay in receipt of payment. *Vizcaino,* 290 F.3d at 1051. Further, the standard lodestar formula is not limited to this initial mathematical calculation and may be enhanced with a multiplier upon consideration of a variety of factors. *Lealao*, 82 Cal.App.4th at 41 (quoting *Press v. Lucky Stores, Inc.*, 34 Cal.3d 311, 322 (1983)).

---

[1]     It is important to note that the application of California as opposed to Federal law to the calculation of fees in the instant matter yields little or no difference in terms of the appropriate fee award. Under Ninth Circuit precedent where a determination of fees arises out of a settlement agreement, the Court would also determine a reasonable fee using a lodestar with a multiplier analysis. *See Wing v. Asarco Inc.*, 114 F.3d 986, 988 (9th Cir. 1997). The difference between the California lodestar analysis and the Federal lodestar analysis is that California law provides more latitude in the application of a multiplier because it weighs heavily certain factors such as the contingent risk of the litigation which are presumed to be already incorporated into the selection of a Federal lodestar rate. *Lealao*, 82 Cal.App.4th at 41-42. Nonetheless, given the nature of the litigation and the exceptional result achieved on behalf of the Class, Plaintiffs' attorneys are entitled to a multiplier under either a California or Federal lodestar analysis and seek a fee lower than the fee permitted under either analysis.

As supported by the declarations of Scott Kamber, Joseph Malley, and David Parisi, the following chart sets forth Class Counsel's base hours and lodestar. The efforts expended by Class Counsel are detailed in the Declaration of Scott A. Kamber in support of the Motions for Final Approval of Class Settlement and the Declaration of Scott A. Kamber in support of the instant motion.

| FIRM | HOURS | LODESTAR |
| --- | --- | --- |
| KamberLaw, LLC | 1542.85 | $769,299.00 |
| Law Offices of Joseph H. Malley | 893.50 (incl. admin) | $330,337.50 |
| Parisi & Havens, LLP | 124.50 | $61,745.00 |
| | | |
| TOTAL | 2560.85 | $1,161,381.50 |

The attorneys performing work on this litigation are billed at rates that correlate to their respective experience, that are reasonable in the New York, California, and Texas legal markets. Kamber Decl. ¶6. Although several lawyers were involved in the litigation of this matter, each made conscious effort to minimize the duplication of work. Kamber Decl. ¶8. Further, the hours submitted were reviewed and any unnecessary hours or duplicative hours have been adjusted. *Id*. Thus, Class Counsel's base, or touchstone, lodestar amount is $1,161,381.50.

### 2. *Harris Counsel Incurred a Lodestar of $827,235*

Details regarding the *Harris* litigation and its impact on the instant case are discussed at length in the papers supporting the motion for final approval of Class Settlement. In brief, an injunctive settlement was reached between the *Harris* plaintiffs and Blockbuster which alleviated certain concerns previously expressed by the *Harris* plaintiffs and arguably benefitted all class members. Further, the order obtained in the *Harris* litigation that refuses to enforce the arbitration clause is one of value to the class and consumers at large. While one may debate what proportion of the *Harris* efforts contributed to the result obtained in this litigation, there is no debate as to the effort that was expended by the attorneys for *Harris* over the past two years.

In the course of representing the above-identified Plaintiffs in the *Harris v. Blockbuster* lawsuit, the Correa Firm, as well as the law firm of Otstott & Jameson, committed substantial attorney and staff time to the investigation and drafting of their, responding to Blockbuster's

Motion to Transfer Venue, responding to Blockbuster's Motion to Compel Individual Arbitration, and responding to Blockbuster' s Motion to Stay Proceedings Pending Appeal. Correa Decl. ¶2. After successfully defending Blockbuster's Motion to Compel Individual Arbitration, the *Harris* attorneys fought Blockbuster's Appeal to the United States Court of Appeals for the Fifth Circuit. *Id*. The *Harris* Counsel also committed attorney and staff time to negotiations with Blockbuster throughout the litigation, including discussions which ultimately led to the settlement of that lawsuit. *Id*.

Given the accomplishments in the *Harris* litigation as set forth in the accompanying declaration of Thomas M. Correa, it seems appropriate that at least 30% of the efforts expended in *Harris* were of benefit to the Class and contributed to this Settlement as well as the injunctive relief obtained by Harris against Blockbuster. Thus, after discounting the *Harris* lodestar accordingly there would be a total Class counsel lodestar of $1,409,552.00. Class Counsel's Requested Fee Multiplier of 2 is Reasonable

The parties have agreed that a fee not exceeding $3.135 million, including costs and expenses, is reasonable and warranted in this case. Class Counsel seeks a total fee and cost award of $2,870,210.58. Deducting Class Counsel's litigation expenses of $42,210.58 yields a fee request of $2.828 million. Counsel's lodestar, including the time of *Harris* Counsel discounted by 70%, is $1,411,883.50. The difference between $2,828,000 and $1,411,883.50 represents a multiplier on Class Counsel's fees. If the Court approves payment of $2.87 million in fees and expenses, the multiplier on Class Counsel's lodestar would be a modest $2^2$. Kamber Decl. ¶7. Applying a multiplier of 2 in order to arrive at the agreed upon fees is reasonable and warranted here.

The standard lodestar formula is not limited to the initial mathematical calculation and may be enhanced by a multiplier. *Lealao*, 82 Cal.App.4th at 41. Indeed, in *Graham v. Daimler-Chrysler Corp.*, 34 Cal.4th 553, 579 & 582 (2004), the Court held that while the "lodestar is the basic fee for comparable legal services in the community, it may be adjusted by the court" based

---

[2] The fee application in the amount of $2.828 million reflects a multiplier of 1.4 of total lodestar in the case, a multiplier of a 2 (precisely 2.006) after a discount of the Harris lodestar, and a multiplier of 2.4 excluding the *Harris* lodestar all together. The analysis for any of these multipliers is identical for the analysis presented herein.

on various factors including the novelty and difficulty of the questions involved, the skill displayed in presenting them, the contingent nature of the case, and whether an exceptional effort produced an exceptional result. *See Serrano v. Priest*, 20 Cal.3d 25 (1977) ("*Serrano III*") (listing additional factors available for consideration in adjusting a base lodestar). California and other courts around the nation, including the Ninth Circuit, apply lodestar multipliers generally ranging from 2-4, though even higher multipliers have been awarded. *Wershba v. Apple Computer, Inc.*, 91 Cal.App.4th 224, 255 (2001) ("[m]ultipliers can range from 2-4 or even higher"); *see also Vizcaino*, 290 F.3d at 1052-54 (listing, *inter alia*, lodestar multipliers in class actions throughout the country, finding the average multiplier to be 3.32 and approving a multiplier of 3.65). The review of the relevant factors below demonstrates the appropriateness of the requested multiplier.

      a.    *Novelty and difficulty of the questions presented:* This action was complex on all fronts. The case had a number of legal pitfalls, including the issue of actual harm and the issue of liability. Kamber Decl. ¶¶ 3-4. Further, the technical aspects of the case required a substantial commitment of time, expense, and skill from Class Counsel in order to fully pursue the Class claims. Kamber Decl. at ¶¶ 3-4. These are each discussed in great detail as part of the Motion for Final Approval of the Settlement.

      b.    *Contingent nature of action:* Lodestar fee enhancement for contingent risk accounts for the possibility that the attorney will not receive payment if the suit does not succeed, and therefore constitutes earned compensation, that is "intended to approximate market-level compensation for such services, which typically includes a premium for the risk of nonpayment or delay in payment of attorneys' fees." *Ketchum v. Moses,* 24 Cal.4th 1122, 1138 (2001). Further, contingency risk is used as a basis for a multiplier to "entice competent counsel to undertake difficult public interest cases." *San Bernardino Valley Audubon Soc'y v. San Bernardino*, 155 Cal. App.3d 738, 755 (1984).

    Class Counsel undertook this litigation on a wholly contingent basis. There was no guarantee of success and taking on the litigation required counsel to commit to advancing substantial out of pocket expenses. Kamber Decl. ¶¶4-5, 12. Moreover, the size of the case and the overly

contentious nature of litigation added further risk to Plaintiffs' counsel in that they were necessarily precluded from initiating other cases.

      *c.*    *Result obtained on behalf of Class:* As discussed above, the total value of the settlement to the Class is a substantial sum - $9.5 million. Dkt. No. 38-1.[3] In addition to the creation of a privacy foundation funded by the $9.5 million settlement fund, the Class also receives substantial injunctive relief in the form of the termination of the Beacon program. Kamber Decl. ¶ 11.

      As Plaintiffs' claims are untested, and the actual harm to Class members was at issue, Class Counsel agreed to commence this litigation knowing they would face significant opposition. Indeed, Defense counsel made it clear that absent a settlement, this matter would have been aggressively defended. Analysis of novel issues, significant investigation - including consultation with experts at an early stage, and careful and extended negotiation of the final settlement agreement were required to ensure maximum benefit to the Class, and that is in fact what the Class received. Accordingly, Counsel's base lodestar of $1,409,552.00 warrants a multiplier of 2, which squarely lies within the commonly awarded range and results in an award of attorneys' fees of $2.828 million.

**C.    Percentage-of-Fund Calculation Confirms Reasonableness of Plaintiffs' Fee Request**

      As noted previously, though it should not be the only calculation made in evaluating the credibility of a fee request, an analysis of the request by the "percentage of the fund" method is helpful in confirming that the requested lodestar award is reasonable. Here, such an analysis confirms that it is.

      Plaintiffs' requested fee and cost award is $2.87 million which is an amount equal to 30%[4] of the total settlement value. A relevant factor when awarding fees is whether the amount is within the range typically associated with cases of its kind. *Vizcaino*, 290 F.3d at 1048-50. Here, a

---

[3] The value of the settlement to the class is properly based upon the total value of relief to the class plus the agreed upon attorneys fees and costs as they represent a "package deal." *See Lealao*, 82 Cal.App.4th at 33 (quoting *Johnston v. Coerica Mort. Corp.*, 83 F.3d 241, 246 (8th Cir. 1996).

[4] The actual number is 30.02%.

30% fee is not excessive but rather comparable to the median rate for attorneys' fee awards in class actions which range from 27 to 30 percent. *In re DJ Orthopedics Inc. Sec. Litig.*, No. 01-cv-2238-K (RBB), 2004 U.S. Dist. LEXIS 11457 at *21 (S.D. Cal. June 21, 2003), citing Thomas E. Willging, Laurel L. Hopper, and Robert J. Niemic, "Empirical Study of Class Actions in Four Federal District Courts: Final Report to Advisory Committee on Civil Rules," at 69 (Federal Judicial Center 1996). Moreover such a fee award is in line with percentages awarded in other Ninth Circuit class action cases. *See In re Informix Corp. Sec. Litig.*, No. 97-1289 (N.D.Cal., Nov. 23, 1999) (Breyer, J.) (30 percent: $40 million fee, $137 million fund); *Razilov v. Nationwide Mut. Ins. Co., et al.*, 2006 WL 3312024 (D. Or. 2006) (Brown, J.) (30 percent: $5.77 million fee, $19.25 million fund); *In re Nat'l Health Labs. Sec. Litig.*, Nos. 92-1949 & 93-1694 (S.D. Cal., Aug. 15, 1995) (Brooks, M.J.) (30 percent: $19 million fee, $64 million fund); *In re Immunex Sec. Litig.*, 864 F. Supp. 142 (W.D.Wash. 1994) (Dwyer, J.) (30 percent: $3.9 million fee, $14 million fund); *In re Melridge, Inc. Sec. Litig.*, No. 87-1426 (D. Ore. Mar 19, 1992, Nov. 1, 1993, and April 15, 1996) (Frye, J.) (37.1 percent: $20 million fee, $54 million fund); and *Hernandez v. Kovacevich*, 2005 WL 2435906 (E.D. Cal. 2005) (Wagner, J.) (33.3 percent: $795,000 fee, $2.5 million fund).

Plaintiffs' requested attorneys' fee and cost award is also reasonable when compared to customary private contingent fee agreements, which usually range between 30% and 40% of the recovery. *See Blum v. Stenson*, 465 U.S. 886, 904 (1984) ("In tort suits, an attorney might receive one-third of whatever amount the plaintiff recovers. In those cases, therefore, the fee is directly proportional to the recovery."); *In re M.D.C. Holdings Sec. Litig.*, [1990 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶ 95,474, at 97,490 (S.D. Cal. 1990) ("In private contingent litigation, fee contracts have traditionally ranged between 30% to 40% of the total recovery"). Thus, customary contingent fee agreements obtained in the private marketplace, which range between 30% to 40% of the money recovered, also validate the percentage fee requested in this case.

**D.     Plaintiffs' Request for Reimbursement of Extended Costs is Reasonable**

In addition to their time, Counsel have expended $42,210.58 in reimbursable expenses, such as filing fees, appearance fees, expert consulting charges, travel, copying and other similar

| | |
|---|---|
| 1 | expenses. Kamber Decl. ¶4; Exhibits C, D and E. These are the types of expenses routinely |
| 2 | charged to hourly paying clients, were incurred in the conduct of the litigation, and are reason- |
| 3 | able. Costs that are of the type typically billed by attorneys to paying clients in the marketplace |
| 4 | should be reimbursed. *Harris v. Marhoefer,* 24 F.3d 16, 19 (9th Cir. 1994) ("Harris may recover as |
| 5 | part of the award of attorney's fees those out-of-pocket expenses that "would normally be charged |
| 6 | to a fee paying client'" (citation omitted); *In re Media Vision Tech. Sec. Litig.*, 913 F.Supp. 1362, |
| 7 | 1366 (N.D.Cal. 1996); *Bracher v. Bray-Doyle Indep. Sch. Dist. No. 42*, 8 F3d. 722, 725-26 (10th |
| 8 | Cir. 1993) (expenses recoverable if customary to bill clients for them)). Accordingly, Counsel |
| 9 | requests that the Court award litigation costs in the amount of $42,210.58. |

## III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully ask that the Court approve the agreed upon attorneys' fees and expenses and grant such further relief the Court deems reasonable and just.

Dated: February 10, 2010
KAMBERLAW, LLC
THE LAW OFFICE OF JOSEPH H. MALLEY
PARISI & HAVENS LLP

By: s/Scott A. Kamber
SCOTT A. KAMBER
One of the Attorneys for Plaintiffs, individually and on behalf of a Class of similarly situated individuals

Scott A. Kamber
*skamber@kamberlaw.com*
David A. Stampley
*dstampley@kamberlaw.com*
KamberLaw, LLC
11 Broadway, 22nd Floor.
New York, NY. 10004
Telephone: (212) 920-3072
Facsimile: (212) 202-6364

Joseph H. Malley
*malleylaw@gmail.com*
Law Office of Joseph H. Malley
1045 North Zang Blvd
Dallas, TX 75208
Telephone: (214) 943-6100
Facsimile: (214) 943-6170

Co-Lead Counsel for the Class

David Parisi (SBN 162248)
*dparisi@parisihavens.com*
Suzanne Havens Beckman (SBN 188814)
*shavens@parisihavens.com*
Parisi & Havens LLP
15233 Valleyheart Drive
Sherman Oaks, California 91403
Telephone: (818) 990-1299
Facsimile: (818) 501-7852
Counsel for Plaintiffs