Scott A. Kamber
*skamber@kamberlaw.com*
David A. Stampley
*dstampley@kamberlaw.com*
KamberLaw, LLC
11 Broadway, 22nd Floor.
New York, NY. 10004
Telephone: (212) 920-3072
Facsimile: (212) 202-6364

David Parisi (Cal. Bar. No. 162248)
*dparisi@parisihavens.com*
Parisi & Havens LLP
15233 Valleyheart Drive
Sherman Oaks, California 91403
Telephone: (818) 990-1299
Facsimile: (818) 501-7852
Attorneys for Plaintiffs
(Additional attorneys listed on Memorandum of Law)

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SEAN LANE, *et al.*,<br><br>   Plaintiffs<br><br>v.<br><br>FACEBOOK, INC., *et al.*,<br><br>   Defendants. | **No. C 08-3845 RS**<br><br>[Assigned to Hon. Richard Seeborg]<br><br>**DECLARATION OF SCOTT A. KAMBER IN SUPPORT OF PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES**<br><br>Judge:    The Hon. Richard Seeborg<br>Date:     February 26, 2010<br>Time:     9:30 a.m.<br>Location: Courtroom 8<br>              280 South First Street<br>              San Jose, California 95113 |

I, Scott A. Kamber, declare as follows:

1.  I am an attorney-at-law duly licensed to practice before all of the courts of the State of New York and am admitted *pro hac vice* before this court. I am a managing member of KamberLaw, LLC ("KamberLaw"), formerly of KamberEdelson, LLC. I am the attorney

primarily responsible for the handling of this litigation on behalf of plaintiffs and am co-lead counsel for the Class. I make this declaration based upon my own personal knowledge. If called to testify, I could and would testify to the facts contained herein.

3. This case has been vigorously litigated from its commencement in August 2008 through the settlement in September 2009. At every stage of litigation, counsel for defendants have asserted aggressive defenses, contested plaintiffs' positions on nearly every issue, and expressed their belief that the Class cannot prevail on the claims asserted. The settlement was not reached until after (1) we thoroughly investigated the legal and technical aspects of potential claims; (2) defendants filed a motion to dismiss the complaint; (3) defendants produced certain documents for discussion purposes; (4) the parties engaged in two full-day mediation sessions that bookended approximately six months of further negotiating sessions with defense counsel; (5) at the same time, plaintiffs counsel continued their due diligence and engaged in cooperative discussions with defense counsel and defendants, in the nature of informal discovery, regarding Facebook's technology and consequences for the user experience; and (5) the parties litigated motions to intervene and/or stay.

4. Class counsel has prosecuted this action on a wholly contingent basis since commencing investigation in May 2008, three months prior to filing a complaint. During the past twenty months, my firm has advanced significant time and expense on behalf of the plaintiffs and the Class. By doing so, class counsel have long borne the risk of an unfavorable result. They have not received any compensation for their substantial effort. The vigorous nature of the litigation has resulted in an investment of 1,542.85 hours of attorney and other professional time by my Firm alone and an additional 1,018 of hours by my co-counsel in this action, and an additional 1,772 hours by counsel in the *Harris* litigation (this excludes support staff), whose efforts are included in this declaration so that there is a single application for attorneys fees before this Court reflecting all efforts made on behalf of the Class. (These numbers reflect lead co-counsel's fees and expenses as well as those reported to them by the other attorneys in this litigation, who submitted declarations in support of their fees and expenses that are attached hereto). These firms

1 | incurred total additional expenses of $42,210.58.  Attached hereto as Exhibits A-1 and A-2 are charts reflecting the time and expense of KamberLaw, LLC, and my prior firm KamberEdelson, LLC.  Attached as Exhibit B is the firm resume for KamberLaw.  Attached as Exhibit C is the declaration of Joseph H. Malley supporting his firm's time and expenses.  Attached as Exhibit D is the declaration of David C. Parisi supporting the time and expenses of Parisi & Havens, LLP. Attached as Exhibit E is the declaration of Thomas M. Correa supporting the time and expenses of the Counsel in the *Harris* litigation.

5. The above time reflects a lodestar of $771,630.50 for KamberLaw, $330,337 for the Law Offices of Joseph H. Malley, and $61,745 for Parisi & Havens, LLP. In addition it reflects $827,235 on behalf of the *Harris* Counsel.  This reflects a total lodestar of $1,990,947.50.  Given the accomplishments in the Harris litigation, as set forth in the accompanying declaration of Thomas M. Correa, it seems to be difficult to not accept that at least 30% of the efforts expended in *Harris* were of benefit to the Class and contributed to this Settlement.  Thus, after discounting the *Harris* lodestar there would be a total lodestar of $1,411,883.  I personally believe that this discounted total underestimates the contribution of the *Harris* Counsel in this matter.  My belief is based on the conversations that I had with Thomas Correa and his partner Jeremy Wilson as well as their respective declarations filed in support of the settlement and the instant fee application. However, if one were to take the position that the total time expended in the Harris case did not benefit the Class, than the total lodestar would need to be reduced.  With a conservative perspective in mind, the lodestar analysis relied on in the Memorandum of Law discounts the time spent by Harris counsel by 70%.

6. To calculate class counsel's lodestar the attorneys performing work on this litigation are billed at rates that correlate to their respective experience and that are reasonable in the California, New York, and Texas legal markets. The rates employed by my firm are their normal billing rates that would be presently charged to hourly clients.

7. The fee application in the amount of $2.828 million reflects a multiplier of 1.4 of total lodestar in the case, a multiplier of a 2 after a 70% discount of the *Harris* lodestar, and a

multiplier of 2.4 if one were to exclude the *Harris* lodestar altogether. The total fees and costs sought are lower than the one-third application permitted by the Settlement Agreement ($2.87 million versus $3.135 million). This amount is fair both to the settlement class and class counsel and warrants this Court's approval. This fee request is well within the range of fees frequently awarded in these types of actions and is entirely justified in light of the substantial benefits conferred on the class, the risks undertaken, the quality of representation, and the nature and extent of legal services performed.

8. Additionally, although several lawyers were involved in the litigation of this matter, each made conscious effort to minimize the duplication of work. Further, the hours submitted were reviewed and any unnecessary hours or duplicative hours have been adjusted.

9. Class counsel anticipates significant additional time to be incurred through finalizing the administration of the settlement. I wish to note, however, that this settlement administration does not include serving as legal advisor to the Foundation, which is <u>not</u> included in the base lodestar and will not be compensated otherwise.

10. A complete history of the litigation and an analysis of the considerations of settlement are set forth in my application in support of the Motion for Final Approval of Class Action Settlement.

11. The $9.5 million settlement benefit was achieved as a result of extensive and creative prosecutorial and investigative efforts, and contentious and complicated motion practice and settlement negotiations, as detailed herein. As a result of this settlement, millions of class members will benefit by the termination of the Beacon program, as well as the programs funded by the privacy foundation created out of the settlement fund. Further, these class members will avoid the risk of no recovery in the absence of a settlement.

12. There are numerous cases where class counsel in contingent fee cases such as this, after expenditures of significant hours and out-of-pocket expenditures, have received no compensation whatsoever. Class counsel who litigate cases in good faith and, on some occasions, receive no fees whatsoever are often the most diligent members of the plaintiffs' bar. The fact that

1  defendants and their counsel know that the members of the plaintiffs' bar are actually able to, and
2  will, go to great lengths even in high-risk cases promotes successful and timely resolutions such
3  as the settlement in this action.
4      13.   Because the fee to be awarded in this matter is entirely contingent, the only
5  certainty from the outset was that there would be no fee without a successful result, and that such
6  a result would be realized only after a lengthy and difficult effort.
7      14.   Plaintiffs' success in this action was by no means assured. Defendants disputed
8  nearly everything and challenged plaintiffs at every step. Were the settlement not achieved, and
9  even if plaintiffs prevailed at trial, plaintiffs faced potentially years of costly and risky appellate
10 litigation against defendants, which ultimate success far from certain.
11     15.   For all of the foregoing reasons, class counsel respectfully request that this Court
12 approve the settlement and approve the fee and expense application and award class counsel
13 $2,828,000 in fees plus $42,210.58 in additional expenses.
14     59.   I declare under penalty perjury under the laws of the United States of America that
15 the foregoing is true and correct.
16 Executed on February 10, 2010 at Essex Couny, New Jersey.

By: /s
SCOTT A. KAMBER