Thomas M. Corea [Texas Bar No. 24037906]
Jeremy R. Wilson [Texas Bar No. 24037722]
THE COREA FIRM, P.L.C.
1201 Elm Street, Suite 4150
Dallas, TX  75270
Telephone (214) 953-3900
Facsimile: (214) 953-3901

George A. Otstott [Cal. Bar No. 184671]
gotstott@bhplaw.com
Thomas J. Moses [Cal. Bar No. 116002]
tmoses@bhplaw.com
BYDON, HUGO & PARKER
135 Main Street, 20th Floor
San Francisco, California  94105
Telephone: (415) 808-0300
Facsimile:  (415) 808-0300

Texas Counsel for Catherine Harris, Mario Herrera,
and Maryam Hosseiny

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN LANE, et al.<br><br>        Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC., et al.<br><br>        Defendants. | Case No. 5:08-cv-03854-RS<br><br>**DECLARATION OF JEREMY WILSON IN SUPPORT OF MOTION FOR FINAL APPROVAL OF SETTLEMENT**<br><br>**Judge:** Hon. Richard Seeborg<br>**Date:** February 26, 2010<br>**Time:** 9:30 a.m.<br>**Place:** Courtroom 8 |

I, Jeremy Wilson, declare and state as follows:

1. I am an attorney duly licensed to practice before all the courts of the State of Texas and am Texas co-counsel for Catherine Harris, Mario Herrera, and Maryam Hosseiny ("Harris Plaintiffs") who are the Plaintiffs in the *Harris v. Blockbuster* lawsuit pending in the United States District Court for the Northern District of Texas, Case Number 3:09-cv-217 ("Harris Litigation"). My application for admission *pro hac vice* to the United States District Court for the Northern District of California, was granted on October 9, 2009, and is filed on this Court's docket as Docket No. 59. I submit this declaration in support of the Motion for Final Approval of the class action settlement in this action.

2. My firm, as well as the law firms of Brydon, Hugo & Parker and Otstott & Jamison, PC., ("Harris Counsel"), on behalf of our clients in Harris Litigation, previously filed a motion to intervene in this action prior to preliminary approval of this class action settlement.

3. Harris Counsel's primary concern in moving to intervene in this action was that Facebook, Inc., through the proposed settlement, was attempting to insulate Blockbuster, Inc., from liability in the Texas action. Harris Counsel's position was that Blockbuster users constitute a subclass whose claims are atypical of the claims of rest of the proposed class. Since that time, several factors have served to alleviate Harris Counsel's concerns to the point that they now support the proposed settlement agreement as the best practical relief available to the class. Based on what we have learned regarding the settlement and additional details regarding the applicable issues, Harris Counsel do not believe that the Blockbuster Beacon users are a distinct subclass with any reason to oppose settlement.

4. First among those factors, is that Harris Counsel have spent the last several months conducting extensive settlement negotiations with Blockbuster regarding their liability in the Harris Litigation. Those negotiations culminated in the Harris Plaintiffs reaching a settlement with Blockbuster, Inc. on terms that ultimately provide a significant benefit to the class in this lawsuit.

5. Specifically, Blockbuster has agreed to the following remedial relief which Harris Counsel believe will be of benefit to the class: Blockbuster has agreed to designate a person within its organization who will be responsible for compliance with the Video Privacy Protection Act, 18 U.S.C. § 2710 ("VPPA"). The duties of that individual include keeping abreast of the current state of the law regarding the VPPA, assisting in drafting information to be provided to Blockbuster Online employees regarding the VPPA, consultation on new programs developed by Blockbuster Online that might involve the sharing of customer's protected VPPA information, and acting as a point of contact for Blockbuster Online employees regarding the VPPA and Blockbuster Online's efforts to remain in compliance with the VPPA.

6. Blockbuster has also agreed to place a disclosure on its website regarding the VPPA. The disclosure shall, in pertinent part, identify the VPPA by name and it shall explain that Blockbuster, including Blockbuster Online, will use its efforts to promote employee and business partner compliance with the VPPA. Blockbuster shall also include a "contact us" disclosure explaining where customers may direct inquiries, questions, or suggestions regarding Blockbuster's disclosure. Blockbuster has also agreed to disseminate information on the VPPA to its Blockbuster Online marketing group employees, either through a written communication or through a provision in its employee handbook. Such information will provide in pertinent part that Blockbuster employees may encounter customers' federally protected information and stress the importance of adequately protecting that information. A direction to contact Blockbuster's VPPA compliance person if further information is needed will also be included. Finally, Blockbuster has agreed to post information on its website regarding the privacy foundation formed by the settlement in this lawsuit.

7. These obligations all serve to enhance the relief afforded by the proposed settlement in this lawsuit, as they obligate Blockbuster to take significant steps to better protect the proposed class's federally protected video rental information. In connection with

their negotiations with Blockbuster, Harris Counsel reviewed numerous public filings regarding Blockbuster's well-documented financial difficulties. For instance, in it's Form 10-K report filed in April 2009, Blockbuster represented that "we may not have sufficient liquidity to finance the ongoing obligations of our business, which raises substantial doubt about our ability to continue as a going concern." See, *e.g.*, portions of 10-K attached hereto as Exhibit 1. These difficulties played a significant role in the negotiations, both as a practical impediment to obtaining monetary relief on behalf of the proposed Blockbuster Class, as well as an impediment to that proposed class's ability to collect a monetary judgment should one be entered against Blockbuster. Thus, Harris Counsel have concluded that this type of remedial relief represents a significant benefit to the subclass they sought to protect in their Motion for Intervention in this case.

8. Having secured the above-described remedial relief from Blockbuster, Harris Counsel have determined that the proposed settlement agreement's release of Blockbuster's liability is of considerably less concern and that such a settlement does not create inherent conflicts within the proposed class. Furthermore, having obtained such relief, and as a result of the entirely of their negotiations with Blockbuster, Harris Counsel have also concluded that the best practical relief available for the subclass they sought to represent is the relief outlined in the Facebook settlement.

9. Another factor supporting Harris Counsel's determination is that, in conjunction with the above-described settlement negotiations with Blockbuster, Harris Counsel have had numerous conversations with Class Counsel, including a face-to-face meeting, to obtain further information regarding the proposed settlement in this case. Specifically, Harris Counsel and Class Counsel have discussed the estimated number of class members involved in this lawsuit as well as risks to the class associated with continuing to litigate this lawsuit. As a result of those discussions, Harris Counsel concluded that the relief proposed in the Settlement Agreement is the best practical relief to the Class. There are several reasons for this determination. The first is the inherent risk in any litigation and specifically the dearth of case law interpreting the VPPA, including very

-4-

little case-law regarding which parties are subject to civil liability under the Act. A second factor is the discretionary nature of monetary damages under the VPPA. Yet another factor is the fairly large number of class members and the impracticality of attempting to provide very small monetary damages to each class members.

10. These factors, as well as others, have lead to Harris Counsel's conclusion that the *cy pres* award outlined in the proposed settlement, along with the remedial relief that Proposed Intervenors obtained from Blockbuster, represent the best relief for the class in this litigation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 10th day of February, 2010, at Dallas, Texas.

_____
Jeremy R. Wilson