IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CATHRYN ELAINE HARRIS, MARIO HERRERA, and MARYAM HOSSEINY on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BLOCKBUSTER INC.<br><br>Defendant. | CIVIL ACTION NO. 3:09-cv-217-M |

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into by and between (1) Plaintiffs Cathryn Elaine Harris, Mario Herrera, and Maryam Hosseiny ("Plaintiffs") on the one hand, and (2) Defendant Blockbuster Inc. ("Blockbuster") on the other hand (collectively, the "Parties").

WHEREAS, Plaintiffs filed the above-styled lawsuit (the "Lawsuit"), claiming, among other things, that Blockbuster violated the Video Privacy Protection Act (the "VPPA");

WHEREAS, disputes and controversies exist between the Parties, as to liability and damages alleged, and the parties desire to settle the disputes and controversies, including, but not limited to, all individual claims that have been asserted, or could have been asserted, in the Lawsuit and all individual claims of any nature between the Parties;

NOW, THEREFORE, for and in consideration of the mutual covenants, agreements, releases, representations, and warranties set forth herein, and for other good and valuable consideration, whose receipt and sufficiency are hereby acknowledged, the Parties agree as follows:

PAGE 1

1.  **PAYMENT**

Subject to the terms below, Blockbuster will pay Plaintiffs $22,500 and also will pay Plaintiffs' counsel $27,500, as reimbursement for the attorneys' fees and costs incurred in this case, for a total payment of $50,000. The $22,500 check will be made payable to "Cathryn Elaine Harris, Mario Herrera, and Maryam Hosseiny c/o The Corea Firm Pllc" and the $27,500 check will be made payable to "The Corea Firm Pllc." The payments will be delivered to Plaintiffs' counsel, Jeremy Wilson, within 20 business days after Plaintiffs file the Joint Stipulation of Dismissal With Prejudice in the form attached as Exhibit A. Blockbuster's obligation to make the payment described in this section is expressly conditioned on the following: (i) the dismissal with prejudice of the Lawsuit, (ii) the Court accepting such stipulation of dismissal without requiring notice to the proposed class, and (iii) the Court accepting such stipulation of dismissal without imposing additional terms or conditions not already identified in this Agreement. Unless all these conditions are satisfied, Blockbuster shall be under no obligation to make the payment described in this section.

2.  **DISMISSAL WITH PREJUDICE**

Plaintiffs agree to dismiss their individual claims in the Lawsuit with prejudice. Within three days after this Agreement is executed by the Parties, the Parties shall file a Joint Stipulation of Dismissal With Prejudice, in the form attached hereto as Exhibit A.

Plaintiffs and their counsel agree not to object to the proposed settlement in the *Lane, et. al., v. Facebook, et al.*, Cause No. 5:08-3845, ("Lane") currently pending in the United States District Court for the Northern District of California. Plaintiffs and their counsel agree to support the proposed settlement in Lane and will encourage others to support the settlement. Plaintiffs and their counsel will not encourage or cause others to press objections to the Lane

settlement. Plaintiffs will further dismiss any pending motions, appeals, or any other requests for relief pending in Lane, including their appeal currently on file with the 9th Circuit Court of Appeals, No. 09-17611. Plaintiffs further agree to dismiss with prejudice the complaint filed in the case styled *Catherine Harris, et al v. Facebook, Inc., et al,* Case No. 09-17611 in the United States District Court for the Northern District of Texas, Dallas Division.

Except as provided above in section 1, the Parties agree to pay their own costs and attorneys' fees relating to the Lawsuit. Plaintiffs agree not to seek recovery of costs or attorneys' fees against Blockbuster in connection with Lane.

3. **ADDITIONAL SETTLEMENT PROVISIONS**

Within 10 business days after a final judgment is entered in Lane and any appeals are concluded, Blockbuster agrees that it will implement the following remedial measures:

A. Blockbuster agrees that it will forever cease use of Facebook "Beacon," as that program is defined in the class settlement agreement in Lane.

B. Blockbuster further agrees to include a disclosure on its website regarding the privacy foundation that is being created under the Lane settlement. Blockbuster shall identify the privacy foundation, its purpose as described in the Lane settlement, and its contact information. Such disclosure will be included as part of Blockbuster's privacy policy on Blockbuster.com and shall remain in place for 12 months from the date of this Agreement. Such information must be disclosed only after it is made available by the foundation.

C. Blockbuster further agrees to place a disclosure on its website regarding the Video Privacy Protection Act ("VPPA"). The disclosure shall, in pertinent part, state the following: it shall identify the VPPA by name and it shall explain that Blockbuster, including Blockbuster Online, will use its efforts to promote employee and business partner compliance

with the VPPA. Blockbuster shall also include a "contact us" disclosure explaining where customers may direct inquiries, questions, or suggestions regarding Blockbuster's disclosure. These disclosures will be included as part of Blockbuster's privacy policy on Blockbuster.com and shall remain in place for 12 months from date of this Agreement.

D. Blockbuster further agrees to disseminate information on the VPPA to its Blockbuster Online marketing group employees either through a written communication or through a provision in its employee handbook. Such information will provide in pertinent part that Blockbuster employees may encounter customers' federally protected information and stress the importance of adequately protecting that information. A direction to contact Blockbuster's VPPA compliance person if further information is needed will also be included.

E. Blockbuster agrees to appoint someone with responsibility for VPPA compliance within its organization whose title will be determined by Blockbuster in its sole discretion. This individual may be someone already working for Blockbuster and may have other job duties in addition to those related to the VPPA. The duties of this individual include keeping abreast of the provisions of the VPPA, assisting in drafting information to be provided to Blockbuster Online employees regarding the VPPA, consultation on new programs developed by Blockbuster Online that might involve the sharing of customer's protected VPPA information, and acting as a point of contact for Blockbuster Online employees regarding the VPPA and Blockbuster Online's efforts to stay in compliance with the VPPA. Notwithstanding any other provision, Blockbuster will have 12 months from the date of this Agreement to effectuate the relief described in this subsection (E).

F. However, Blockbuster's obligation to comply with the remedial measures described in this Section 3 is expressly conditioned on the following: (i) the dismissal with

prejudice of the Lawsuit, (ii) the Court accepting such stipulation of dismissal without requiring notice to the proposed class, (iii) the Court accepting such stipulation of dismissal without imposing additional terms or conditions not already identified in this Agreement, and (iv) a final order approving the Lane class action settlement where the settlement terms, including any releases, are substantially the same as the settlement on file with the court in Lane as of October 23, 2009, and such final order (or orders) does not impose any additional terms, conditions, or attorneys' fees beyond those contemplated in the Lane settlement on file with the court in Lane as of October 23, 2009. Unless all these conditions are satisfied, Blockbuster shall be under no obligation to comply with the requirements of this section.

4.  **FULL AND GENERAL RELEASE OF CLAIMS**

Plaintiffs fully, generally, and completely release Blockbuster, as well as all of its past and present officers, directors, employees, shareholders, principals, representatives, independent contractors, Facebook Inc. (the Beacon vendor), predecessors, successors, assigns, franchisees, subsidiaries, parents, partners, sister companies, affiliated companies, licensees, agents, attorneys, and insurers (collectively, "Released Parties") from any and all claims, liabilities, demands, damages, actions, obligations, causes of action of any kind – whether known or unknown, suspected or unsuspected, direct or derivative, accrued or unaccrued, asserted or not asserted, whether based in statute, equity, common law, contract, tort, or any other grounds or authority. This release includes, but is not limited to, any and all claims of any nature relating in any way to the Facebook Beacon program. Other than to enforce the terms of this Agreement, Plaintiffs agree not to bring, commence, institute, or maintain any claim, lawsuit, or other legal proceeding against any of the Released Parties relating in any way to the released claims.

Plaintiffs agree that they shall be deemed to have expressly waived any and all

provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable and equivalent to California Civil Code section 1542, including but not limited to that section, which provides as follows:

> "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR."

### 5. DENIAL OF LIABILITY

Blockbuster denies liability in this case, and this settlement is entered into solely for the purpose of resolving without further litigation all controversies and claims between the Parties.

### 6. REPRESENTATIONS AND WARRANTIES

Each of the Plaintiffs represents and warrants (i) that she/he is the sole owner of the individual claims asserted in the Lawsuit and the individual claims being released in this Agreement, including any individual claims she/he might have, or had, against Blockbuster, (ii) that she/he has not assigned such claims, and (iii) that she/he is unaware of any person or entity who intends or expects to bring an action against Blockbuster in connection with Facebook Beacon.

### 7. ENTIRE AGREEMENT

This Agreement constitutes the entire agreement between Plaintiffs and Blockbuster with respect to the settlement, release, and other subject matters of this Agreement. This Agreement supersedes all prior agreements, understandings, conditions, representations, and warranties, whether oral or written, between Plaintiffs and Blockbuster, with respect to the settlement, release, and other subject matters of this Agreement. No promise, representation, warranty, or covenant not expressly included in this Agreement has been or is or may be relied upon by the

parties, and any such reliance would be unintended and unjustified. There are no representations, agreements, arrangements, or understandings, oral or written, between Plaintiffs and Blockbuster, concerning the subject matter of this Agreement that are not fully expressed herein.

8.  **AMENDMENTS**

This Agreement may not be altered or amended except by agreement in writing signed by all Parties hereto.

9.  **SUCCESSORS AND ASSIGNS**

This Agreement, including the release, shall be binding upon, and inure to the benefit of, all successors, assigns, executors, and heirs of the Parties to this Agreement.

10. **EFFECTIVE DATE**

This Agreement shall become effective immediately following the execution of the Agreement by all Parties.

11. **DRAFTING OF THIS AGREEMENT**

This Agreement shall be deemed drafted equally by all Parties. All Parties have had the benefit of the advice of their own counsel in negotiating, drafting, and executing this Agreement. Accordingly, neither the Agreement nor any provision in it shall be (i) deemed to have been prepared or drafted by any particular party, or (ii) construed against any party on the ground that such party drafted the agreement or any provision thereof.

12. **COUNTERPARTS.**

This Agreement may be executed in several counterparts and, when executed by the Parties, each counterpart shall be deemed an original and shall constitute one and the same instrument.

DATE: February 1, 2010.

AGREED AND APPROVED:

BLOCKBUSTER INC.

_____
Cathryn Elaine Harris

*[signature]*

_____
Maryam Hosseiny

*[signature]*

_____
Mario Herrera

By:_____
Name:_____
Title:_____

APPROVED AS TO FORM:

*[signature]*

_____
Counsel for Plaintiffs

APPROVED AS TO FORM:

_____
Counsel for Blockbuster Inc.

US 251009v.2

DATE: February 1, 2010.

**AGREED AND APPROVED:**

*Cathryn E. Harris* (signature)
Cathryn Elaine Harris

_____
Maryam Hosseiny

_____
Mario Herrera

**BLOCKBUSTER INC.**

By:_____
Name:_____
Title:_____

**APPROVED AS TO FORM:**

(signature)
Counsel for Plaintiffs

**APPROVED AS TO FORM:**

_____
Counsel for Blockbuster Inc.

US 251009v.2

DATE: February 1, 2010.

**AGREED AND APPROVED:**

|  |  |
|---|---|
| _____<br>Cathryn Elaine Harris | **BLOCKBUSTER INC.**<br><br>By: *Bryan Stevenson*<br>Name: *BRYAN P. STEVENSON*<br>Title: *V.P. & A.G.C.* |

_____
Maryam Hosseiny

_____
Mario Herrera

APPROVED AS TO FORM:

_____
Counsel for Plaintiffs

APPROVED AS TO FORM:

*/s/*
Counsel for Blockbuster Inc.

US 251009v.2

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| CATHRYN ELAINE HARRIS, MARIO HERRERA, and MARYAM HOSSEINY on behalf of themselves and all others similarly situated, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:09-cv-217-M |
| BLOCKBUSTER INC. | § § § | |
| Defendant. | § | |

## JOINT STIPULATION OF DISMISSAL WITH PREJUDICE

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), Plaintiffs Cathryn Elaine Harris, Mario Herrera, and Maryam Hosseiny (collectively, "Plaintiffs") and Defendant Blockbuster Inc. ("Blockbuster") file this Joint Stipulation of Dismissal with Prejudice. Plaintiffs hereby dismiss with prejudice all of their claims in the above-styled case against Blockbuster. Except as otherwise provided in the agreement between them, the parties shall bear their own costs and attorneys' fees associated with this case.



1

**So stipulated and agreed:**

| /s/ | /s/ |
|---|---|
| Thomas M. Corea | Michael L. Raiff |
|  State Bar No. 24037906 |  State Bar No. 00784803 |
| Jeremy R. Wilson | Frank C. Brame |
|  State Bar No. 24037722 |  State Bar No. 24031874 |
| THE COREA FIRM, P.L.L.C. | Marc A. Fuller |
| The Republic Center |  State Bar No. 24032210 |
| 325 North St. Paul Street, Suite 4150 | VINSON & ELKINS L.L.P. |
| Dallas, Texas 75201 | 2001 Ross Avenue, Suite 3700 |
| 214.953.3900 | Dallas, Texas 75201 |
| 214.953.3901 (fax) | 214.220.7705 |
|  | 214.999.7705 (fax) |

*Attorneys for Plaintiffs Cathryn Elaine Harris, Mario Herrera, and Maryam Hosseiny*    *Attorneys for Defendant Blockbuster Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this ___ day of February 2010, I electronically filed the foregoing Agreed Motion for Dismissal with Prejudice with the Clerk of the Court for the United States District Court, Northern District of Texas, using the ECF System of the Court. The ECF System sent a "Notice of Electronic Filing" to the attorneys who have consented in writing to accept this notice as service of this document by electronic means.

/s/ Jeremy R. Wilson
Jeremy R. Wilson

US 252574v.1