UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SEAN LANE, *et al.*,<br><br>                    Plaintiffs<br><br>     v.<br><br>FACEBOOK, INC., *et al.*,<br><br>                    Defendants. | **No. C 08-3845 RS**<br><br>[Assigned to the Hon. Richard Seeborg]<br><br>**[Proposed] FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER THEREON AWARDING FEES AND COSTS**<br><br>Judge:   The Hon. Richard Seeborg<br>Date:    February 26, 2010<br>Time:    9:30 a.m.<br>Location: Courtroom 4, Fifth Floor<br>             280 South First Street<br>             San Jose, California 95113 |

**WHEREAS**, on _____, 2010, the Court granted final approval of the proposed Settlement resolving the above-entitled class action and approving payments of incentive payments to the Representative Plaintiffs and entered its Final Order and Judgment;

**WHEREAS,** on February 10, 2010, the law firms of KamberLaw, LLC and the Law Offices of Joseph Malley, appointed by this Court as Class Counsel upon preliminary approval of the settlement, filed a Motion for an Award of Attorneys Fees and Reimbursement of Expenses on behalf of Class Counsel and the law firms who provided services at the direction of Class

1   Counsel, which pleading is hereinafter referred to as "Class Counsel's Fee Motion";

2   **WHEREAS**, notice of Class Counsel's Fee Motion was directed to the Class in a
3   reasonable manner pursuant to Federal Rules of Civil Procedure 23(h) and 54(d);

4   **WHEREAS**, a hearing on Class Counsel's Fee Motion was scheduled for February 26,
5   2010, to be heard in conjunction with Plaintiffs' Motion for Final Approval of Class Action
6   Settlement;

7   **WHEREAS**, only four Class Members lodged objections to the Settlement and Class
8   Counsel's Fee Motion by the deadline for submitting objections, or at the February 26, 2010
9   hearing;

10  **WHEREAS**, in accordance with Rule 23 of the Federal Rules of Civil Procedure,
11  Facebook, Inc. has agreed, subject to Court approval, to pay an award of attorneys' fees and
12  reimbursable expenses to Class Counsel, which payment will, as stipulated in the Settlement
13  Agreement, cover all attorneys' fees and reimbursable expenses for all counsel for all Plaintiffs,
14  in the amount of one third of the total settlement fund. Settlement Agreement (Dkt. 38-1), at
15  Paragraph D4.12;

16  **WHEREAS**, the Parties have agreed on the amount of attorneys' fees and expenses, the
17  Court nonetheless has discretion over the amount to be awarded. *Hensley v. Eckerhart*, 461 U.S.
18  424, 437 (1983). *See also* Fed. R. Civ. P. 23(e). In this matter, Plaintiffs' claims are governed by
19  California state law which, therefore, also governs the award of fees. *Champion Produce, Inc. v.
20  Ruby Robinson Co. Inc.*, 342 F.3d 1016 (9th Cir. 2003) (affirming application of state law for the
21  calculation of attorneys' fees where underlying claims were based in state contract law); *see also
22  Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002) ("[b]ecause Washington law
23  governed the claim, it also governs the award of fees.").

24  **WHEREAS**, a class action governed by California law where "the responsibility to pay
25  attorneys' fees is statutorily or otherwise transferred from the prevailing plaintiff or class to the
26  defendant, the primary method for establishing the amount of reasonable attorneys' fees is the
27  lodestar method." *Lealao v. Beneficial Cal.*, *Inc.*, 82 Cal. App. 4th 19, 26 (1st Dist. 2000).
28  However, where, as here, the value to the settlement class can be quantified, a percentage-based

1  fee analysis can be used as a check on the lodestar rate to "ensure that the fee awarded is within
2  the range of fees freely negotiated in the legal marketplace in comparable litigation. *Id.* at 50-51;
3  and
4      **WHEREAS**, Class Counsel has applied for an award of fees of $2,828,000 and expenses
5  of $42,210.58, which total to an amount less than that enumerated in the Settlement Agreement
6  ($2.87 versus $3.135). As clarified at oral argument, the application for fees was based upon a
7  lodestar of Plaintiffs' Counsel in this matter of $1,161,381.50 and a multiplier of 2.4.
8      **IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**
9      1.    The Court issues this Order pursuant to Federal Rule of Civil Procedure 23(h) and
10  specifically makes these findings and decision pursuant to Rule 52(a).
11      2.    The Court has reviewed all factors relevant to the award of an attorneys' fee as
12  well as those factors applicable to an award computed as a multiplier on lodestar, including the
13  novelty and difficulty of questions presented, the contingent nature of the action and the result
14  obtained on behalf of the Class. These factors support the application of a multiplier of ____ to
15  the lodestar of Class Counsel. *Wershba v. Apple Computer, Inc.*, 91 Cal. App. 4th 224, 255 (2001)
16  ("[m]ultipliers can range from 2-4 or even higher"); *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043,
17  1052-54 (9th Cir. 2002) (listing, *inter alia*, lodestar multipliers in class actions throughout the
18  country, finding the average multiplier to be 3.32 and approving a multiplier of 3.65).
19      3.    The Court finds that the total time expended by plaintiffs' counsel was reasonable,
20  particularly in light of the result achieved. The Court has further reviewed the geographic location
21  and experience of the attorneys who worked on this matter and finds that the hourly rate charged
22  by counsel and reflected in the fee application is reasonable.
23      4.    The Court adjudges that the payment of attorneys' fees and expenses to Class
24  Counsel as set forth in the Settlement Agreement is fair, reasonable and adequate and that said
25  attorneys' fees and expenses shall be paid to Class Counsel and. Accordingly, the Court approves
26  an award from the Settlement Fund of $_____ to pay Class Counsel's attorneys'
27  fees, plus $_____ to reimburse Class Counsel for payment of costs and expenses
28  reasonably incurred in prosecuting and settling the Litigation. Neither Class Counsel's application

for attorneys' fees and reimbursement of expenses nor any order entered by this Court thereon shall in any way disturb or affect the Judgment, and all such matters shall be construed separately from the Judgment.

5. The award of attorneys' fees and expenses shall be paid to Class Counsel pursuant to the terms of the Settlement Agreement.

6. Any allocation of attorneys' fees and expenses shall be at Class Counsel's discretion.

7. Other than as stipulated in the Settlement Agreement, no Defendant shall be liable for any attorneys' fees or reimbursable expenses incurred by counsel for any Plaintiffs in or related to this Action.

**IT IS SO ORDERED**.

DATED: _____         _____

The Honorable Richard Seeborg
United States District Judge