**\*\*E-filed 5/24/10\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

SEAN LANE, et al.,

        Plaintiffs,

v.

FACEBOOK, INC., et al,

        Defendants.

No. C 08-3845 RS

**ORDER RE ATTORNEY FEES**

## I. INTRODUCTION

The parties negotiated a settlement of this class action, which has received final approval after notice to the class. Remaining to be decided is the application for attorney fees brought by plaintiffs' counsel. The fee motion is unusual, because not only does it seek fees for the efforts made by plaintiffs' counsel in this action, it also seeks fees for work done by plaintiffs' counsel in *Harris v. Blockbuster*, a proceeding in the Northern District of Texas arising from the same events. The motion fails to establish any legitimate grounds for awarding fees for efforts undertaken by other attorneys in another case, particularly given that those attorneys attempted to derail the settlement of this action at the preliminary approval stage, before later coming to support it. Because the fee request is otherwise reasonable, the motion will be granted, but with that portion of the fee claim attributable to the *Harris* counsel excised.

## II. DISCUSSION[1]

The parties' settlement agreement provided that plaintiffs' counsel could apply for, and Facebook would not oppose, attorney fees and costs of up to one-third of the dollar amount being paid by Facebook under the settlement—or roughly $3.17 million dollars. Counsel has in fact applied for an award of fees in the amount of $2.828 million, plus costs of $42,210.58.

Plaintiffs contend that California law governs the fee award because their claims sounded in state law. *See Champion Produce, Inc. v. Ruby Robinson Co. Inc*., 342 F.3d 1016, 1024 (9th Cir. 2003) ("An award of attorneys' fees incurred in a suit based on state substantive law is generally governed by state law."); *Vizcaino v. Microsoft Corp*., 290 F.3d 1043, 1047 (9th Cir. 2002) ("[b]ecause Washington law governed the claim, it also governs the award of fees."). Here, however, plaintiffs asserted both state and federal claims, so it is not entirely clear that the fee award should be evaluated under state law. As plaintiffs acknowledge, however, the approach taken by California courts is virtually identical to that taken by the Ninth Circuit; under either jurisprudence the starting point is calculating a "lodestar," by multiplying the number of hours reasonably spent in achieving the results obtained by a reasonable hourly rate. *Friend v. Kolodzieczak*, 72 F.3d 1386, 1389 (9th Cir. 1995); *Lealao v. Beneficial Cal., Inc.*, 82 Cal.App.4th 19, 26 (2000).[2]

Plaintiffs seek a lodestar of $1,161,381.50, representing approximately 2500 hours of work, distributed among three law firms. Although the motion originally was not supported by sufficient detail regarding the tasks performed to permit an analysis of its reasonableness, plaintiffs subsequently submitted an additional declaration as well as detailed time records, provided *in camera.* Upon review of the record, the Court finds that the total time and expenses incurred by plaintiffs' counsel were reasonable in light of the work undertaken and the results achieved. The Court has further considered the geographic location and experience of the attorneys who worked on this matter and finds that the hourly rates charged by counsel and reflected in the fee application are reasonable. Accordingly, the proposed lodestar of $1,161,381.50 will be adopted.

---

[1] The factual background of this action has been described in prior orders and will not be repeated here.

[2] Plaintiffs assert that there is greater latitude in applying a multiplier to the lodestar under state law than federal, but they argue their request here is proper under either.

As noted above, the fee application proposes adding to this lodestar an amount based on the efforts undertaken by the *Harris* plaintiffs' counsel in that action. Specifically, plaintiffs assert that *Harris* counsel incurred a lodestar of approximately $825,000, and they advocate allocating 30% of that as a basis to increase the lodestar in this action to a little over $1.4 million. Plaintiffs offer no authority to support this novel suggestion. Even assuming that *Harris* counsel's efforts resulted in benefits to persons who are class members here as well as in that case, counsel must seek compensation for those efforts in the action in which they took place. Indeed, the only efforts *Harris* counsel undertook in *this* case were directed at *preventing* preliminary approval of the settlement. While *Harris* counsel may have believed at the time that those efforts were in the interests of the class, they cannot expect to be paid from the settlement funds for opposing the settlement, particularly since they ultimately supported the settlement, with no material changes in its terms.

The final issue is what multiplier, if any, should be applied to the lodestar. With the inclusion of the *Harris* counsel's hours in the lodestar, plaintiffs argue for a multiplier of 2, which they describe as "reasonable and warranted." Plaintiffs suggest, however, that if the Court is not inclined to include the *Harris* hours in the lodestar, then it should apply a multiplier of 2.4, to reach the same total fee award.

The Court is satisfied that application of a multiplier is warranted under the circumstances here. *See In re Washington Public Power Supply System Securities Litigation*, 19 F.3d 1291, 1299-1300 (9th Cir. 1994). Plaintiffs' suggestion, however, to apply a 2.4 multiplier as a means to ensure the same result as if the *Harris* hours were included in the lodestar is disturbingly cynical. Having concluded that those hours should not be compensated in this action as part of the lodestar, the Court will not provide compensation for those hours by labeling it as something else. Accordingly, a multiplier of 2 will be applied.

### III. CONCLUSION

The motion for an award of attorney fees and costs is granted in part. Plaintiffs' counsel shall recover from the settlement funds attorney fees of $2,322,763.00 and costs of $42,210.58, for a total award of $2,364,973.58.

Dated: May 24, 2010

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE